```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
GREVIL MARTINEZ, ALEXANDER                                  COMPLAINT
RAMIREZ, and LUIS MARTINEZ,
                                                            ECF CASE
                                      Plaintiffs,
                                                            FLSA
              -against-                                     COLLECTIVE
                                                            ACTION
JVA INDUSTRIES INC., and
JOSEPH ALFANO, individually
                                                            CLASS
                                                            ACTION
                                      Defendants.
-------------------------------------------------------------------------------X
```

Plaintiffs Grevil Martinez ("G. Martinez"), Alexander Ramirez, and Luis Martinez ("L. Martinez"), (collectively referred to herein as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of JVA Industries Inc. and Joseph Alfano ("Alfano"), individually (collectively "Defendants"), allege the following:

## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiffs and all other similarly situated construction workers to recover unpaid overtime compensation and other earned wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs and similarly situated non-exempt workers work or have worked or have worked as construction workers at JVA Industries Inc. in New York, New Jersey, and Connecticut.

2. This class action is brought on behalf of all construction workers who work or worked on behalf of Defendants (the "Rule 23 Class") to seek unpaid overtime wages.

3. The Rule 23 Class also brings this matter due to the failure of Defendants to provide Notice and Acknowledge of Pay Rate and Payday under Section 195(1) of the NYLL as

well as accurate wage statements as required under Section 195(3) of the New York Wage Theft Prevention Act.

4. Plaintiffs seek to certify a class under Rule 23 on behalf of the Rule 23 Class who were not provided the correct written notices under NYLL § 195.

5. Plaintiffs brings this action on behalf of themselves and all other similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C §1332, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiffs**

**Grevil Martinez**

9. Plaintiff G. Martinez is an individual who resides in the Bronx, New York.

10. Plaintiff G. Martinez worked at JVA Industries Inc. from 2007 until August 5, 2020 as a construction worker.

11. Plaintiff G. Martinez was a covered employee within the meaning of the FLSA and the NYLL.

**Alexander Ramirez**

12. Plaintiff Ramirez is an adult individual who resides in the Bronx, New York.

13. Plaintiff Ramirez worked at JVA Industries Inc. from October 2012 until March 20, 2020 as a construction worker.

14. Plaintiff Ramirez is a covered employee within the meaning of the FLSA and the NYLL.

**Luis Martinez**

15. Plaintiff L. Martinez is an adult individual who resides in the Bronx, New York.

16. Plaintiff L. Martinez worked at JVA Industries Inc. from March 2008 until July 17, 2020 as a construction worker.

17. Plaintiff L. Martinez is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

**JVA Industries Inc.**

18. Defendant JVA Industries Inc. is a New Jersey Corporation with its principal business address located in Monmouth County.

19. Defendant JVA Industries Inc. is listed on the NJ Department of State website as a corporate entity in existence since 2000, with its principal address located at 522 US Highway 9, Manalapan, NJ 07726.

20. Upon information and belief, JVA Industries Inc. is engaged in interstate commerce, and generates annual revenues in excess of $500,000 per year.

**Joseph Alfanso**

21. Upon information and belief, Defendant Joseph Alfano is the president of JVA Industries Inc.

22. Defendant Alfano resides in Englishtown, NJ.

23. Defendant Alfano is sued individually and in his capacity as an officer of JVA Industries Inc. Defendant Alfano exercises sufficient control over JVA Industries Inc. to be considered the Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and establish and maintain policies regarding the pay practices at JVA Industries Inc.  Defendant employed Plaintiffs and similarly situated employees at all times relevant.

24. The Defendant has had substantial control over Plaintiffs' and similarly situated employees' working conditions and the practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly situated construction workers who are current or former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of approximately 50 similarly situated current and former construction workers at JVA Industries Inc. who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

   a) As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern and/or

policy of violating the FLSA. This pattern and/or policy includes failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

27. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

28. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

29. The position of construction worker is not exempt and has never been exempt. Construction workers, though, are not paid overtime for all hours worked in excess of 40 hours per week.

30. The FLSA and NYLL require that employers pay all employees at least one and a half times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

31. Defendants failed to compensate Plaintiffs and members of the FLSA Collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

32. Plaintiffs and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

33. Defendants paid Plaintiffs and members of the FLSA Collective wages without an accurate accompanying statement listing; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## THE RULE 23 CLASS

34. **Proposed Class.**  The proposed class is comprised of all construction workers who worked for Defendants during the applicable period.

35. Construction workers all worked for Defendants at various locations and worked more than 40 hours per week.  These individuals though were not paid the right amount of overtime for all work performed after 40 hours.

36. Excluded from the Rule 23 Class are non-construction workers, Defendants' legal representatives, officers, directors, assignors and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any of the Defendant entities; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

37. **Ascertainability.**  The identity of the Rule 23 Class is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure.  To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking general laborers.  Many class members are no longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

38. **Numerosity.** The size of the class makes a class action both necessary and efficient.  The size of the class consists of at least 100 employees.  Members of the class are ascertainable but so numerous that joinders is impracticable.

39. **Common Questions of Law and Fact.**  This case poses common questions of law and fact affecting the rights of all class members, including:

a) the policies, practices, programs, procedures, protocols, and plans of Defendants regarding payment of overtime wage compensation;

b) whether Defendants are joint employers of Plaintiff and similarly situated employees;

c) whether the named Defendants conspired with each other and/or with any unnamed co-conspirator, as alleged herein; and

d) what relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged.

40. **Typicality.**  The claims of the individual Plaintiff are typical of the claims of the class as a whole.  Defendants' unlawful policies are typical of the unlawful wage policies and

practices that have and will continue to operate to deny other class members lawful compensation.

41. **Adequacy of Class Representation.** Plaintiffs can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

42. **Propriety of Class Action Mechanism.** Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this amended complaint.

43. This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

## FACTS

**JVA Industries Inc.**

44. Upon information and belief, JVA Industries Inc. is a construction company with its primary offices located in New Jersey.

45. JVA Industries Inc. was first established in 2000.

46. Upon information and belief, Joseph Alfano is president of JVA Industries Inc. and all related corporate entities.

**Plaintiffs' Employment
at JVA Industries Inc.**

47. Plaintiffs were employed by Defendants as construction workers.

48. Plaintiffs were regularly scheduled to work more than 40 hours per week.

49. Throughout their employment with Defendants, even though Plaintiffs were not exempt, Plaintiffs were not paid overtime in compliance with the FLSA and NYLL.

50. Defendants did not notify Plaintiffs, either in the form of posted notices or other means, regarding legal wages as required under the FLSA and NYLL.

51. Defendants did not provide Plaintiffs with wage statements containing accurate information about hourly rate, overtime rate, and the number of regular and overtime hours worked per week, as required by NYLL § 195(3).

52. Defendants did not give any notice to Plaintiffs of their regular and overtime rates of pay, or other such information, as required by NYLL § 195(1).

## INDIVIDUAL ALLEGATIONS

**Grevil Martinez**

53. Plaintiff G. Martinez was employed by Defendants as a construction worker from 2007 through August 5, 2020, without interruption.

54. Throughout his employment, Plaintiff G. Martinez worked from 8:00 a.m. to 4:00 p.m., Monday through Friday. He worked almost every Saturday and occasionally on Sunday.

55. Plaintiff G. Martinez received one 30-minute break per shift.

56. From May 2013 through June 2013, Plaintiff G. Martinez was paid $22.50 per hour for all hours worked.

57. From July 2013 through May 2014, Plaintiff G. Martinez was paid $25 per hour for all hours worked.

58. From June 2014 through September 2014, Plaintiff G. Martinez was paid $27 per hour for all hours worked

59. From October 2014 through January 2017, Plaintiff G. Martinez was paid $30 per hour for all hours worked.

60. From February 2017 through March 2018, Plaintiff G. Martinez was paid $32.50 per hour for all hours worked.

61. From May 2018 through June 2019, Plaintiff G. Martinez was paid $37.50 per hour for all hours worked.

62. From July 2019 through August 5, 2020, Plaintiff G. Martinez was paid $40 per hour for all hours worked.

63. Defendants did not pay Plaintiff G. Martinez the proper overtime wages for the overtime hours he worked each workweek.

64. Defendants were required to pay Plaintiff G. Martinez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

65. Instead, Defendants paid Plaintiff G. Martinez for his overtime hours worked at his regular hourly rate.

66. Defendants paid Plaintiff G. Martinez by check for up to 40 hours per week, and by cash or check for subsequent hours worked.

67. Plaintiff Martinez complained to his supervisor about not being paid overtime correctly, but Defendants did not correct their practices.

**Alexander Ramirez**

68. Plaintiff Ramirez was employed by Defendants as a construction worker from October 2012 through March 20, 2020, without interruption.

69. Throughout his employment, Plaintiff Ramirez worked from 8:00 a.m. to 4:00 p.m. or 9:00 a.m. to 5:00 p.m., Monday through Friday.

70. From April through September, Plaintiff Ramirez also worked from 8:00 a.m. to 4:00 p.m. or 9:00 a.m. to 5:00 p.m. on Saturdays, and occasionally on Sundays.

71. Plaintiff Ramirez received one 30-minute break per shift.

72. From October 2012 through December 31, 2013, Plaintiff Ramirez was paid $20 per hour for all hours worked.

73. From January 1, 2014 through August 24, 2016, Plaintiff Ramirez was paid $25 per hour for all hours worked.

74. From August 25, 2016 through June 2018, Plaintiff Ramirez was paid $30 per hour for all hours worked.

75. From July 2018 through March 20, 2020, Plaintiff Ramirez was paid $32.50 per hour for all hours worked.

76. Defendants did not pay Plaintiff Ramirez the proper overtime wages for all of the time that he worked each workweek.

77. Defendants were required to pay Plaintiff Ramirez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

78. Defendants have failed to compensate Plaintiff Ramirez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

79. Defendants paid Plaintiff Ramirez by check for up to 40 hours per week, and by cash or check for subsequent hours worked.

**Luis Martinez**

80. Plaintiff L. Martinez was employed by Defendants as a construction worker from March 2008 through July 17, 2020, without interruption.

81. Throughout his employment, Plaintiff L. Martinez worked Monday through Friday, from 9:00 a.m. to 4:00 p.m.

82. Plaintiff L. Martinez also worked on Saturdays and Sundays.

83. Plaintiff L. Martinez received one 30-minute break per day.

84. From March 2014 through October 2014, Plaintiff L. Martinez was paid $25.00 per hour for all hours worked.

85. From November 2014 through December 2015, Plaintiff L. Martinez was paid $30.00 per hour for all hours worked.

86. From January 2016 through May 2016, Plaintiff L. Martinez was paid $32.50 per hour for all hours worked.

87. From May 2016 through December 2016, Plaintiff L. Martinez was paid $30.00 per hour for all hours worked.

88. From January 2017 through June 2017, Plaintiff L. Martinez was paid $32.50 per hour for all hours worked.

89. From July 2017 through March 2019, Plaintiff L. Martinez was paid $35.00 per hour for all hours worked.

90. From April 2019 through July 17 2020, Plaintiff L. Martinez was paid $37.50 per hour for all hours worked.

91. Defendants did not pay Plaintiff L. Martinez the proper overtime wages for all of the time that he worked each workweek.

92. Defendants were required to pay Plaintiff L. Martinez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

93. Defendants have failed to compensate Plaintiff L. Martinez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

94. Defendants paid Plaintiff L. Martinez by check for up to 40 hours per week, and by cash or check for subsequent hours worked.

**Defendants' Violations of the Wage Theft Prevention Act**

95. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

96. Throughout the relevant time period, Defendants paid Plaintiffs and the FLSA Collective's wages without an accurate accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

97. Plaintiffs and the FLSA Collective were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(Brought on Behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

98. Plaintiffs, on behalf of themselves and the FLSA Collective, re-allege and incorporate by reference all allegations in all preceding paragraphs.

99. Throughout the relevant time period, Plaintiffs and the FLSA Collective worked in excess of forty (40) hours per workweek.

100. At all relevant times throughout their employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiffs and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiffs and the FLSA Collective were entitled to receive overtime payments.

101. At all relevant times throughout Plaintiffs' and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

102. Defendants' decision not to pay overtime was willful.

103. Plaintiffs and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
**(Brought on Behalf of Plaintiffs and the Rule 23 Class)**

104. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

105. Defendants failed to pay Plaintiffs and the Rule 23 Class the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

106. Defendants failed to pay Plaintiffs and the Rule 23 Class one and one-half times his regular hourly rate of pay for all work in excess of forty hours per workweek.

107. Through their knowing or intentional failure to pay Plaintiffs and the Rule 23 Class overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

108. Defendants' decision not to pay overtime was willful.

109. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
**(Brought on Behalf of Plaintiffs and the Rule 23 Class)**

110. Plaintiffs, on behalf of themselves and the Rule 23 Class, re-allege and incorporate by reference all allegations in all preceding paragraphs.

111. Defendants willfully failed to supply Plaintiffs and the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs in their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

112. Through their knowing or intentional failure to provide Plaintiffs and the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

113. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiffs and the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(Brought on Behalf of Plaintiffs and the Rule 23 Class)**

114. Plaintiffs, on behalf of themselves and the Rule 23 Class, re-allege and incorporate by reference all allegations in all preceding paragraphs.

115. Defendants have willfully failed to supply Plaintiffs and the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

116. Through their knowing or intentional failure to provide Plaintiffs and the Rule 23 Class with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

117. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against the Defendants, JVA Industries Inc. and Joseph Alfano as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert

timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of the Rule 23 Class pursuant to Rule 23;

(c) Damages for the unpaid overtime wages due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(d) Damages for the unpaid overtime wages due to Plaintiffs, in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(e) Penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For his costs and disbursements of this action, including attorneys' fees; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: September 25, 2020
New York, New York

                        **THE LAW OFFICES OF JACOB ARONAUER**

                        Respectfully submitted,

                        */s/ Jacob Aronauer*_____
                        Jacob Aronauer
                        225 Broadway, 3rd Floor
                        New York, NY 100017
                        (212) 323-6980
                        jaronauer@aronauerlaw.com
                        *Attorney for Plaintiffs*