USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/6/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
 :
GREVIL MARTINEZ, et al.,                                                :
 :
                            Plaintiffs,                                 :
 :                   20-cv-7977 (LJL)
              -v-                                                       :
 :                   OPINION AND ORDER
JVA INDUSTRIES INC., et al.,                                            :
 :
                            Defendants.                                 :
 :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Grevil Martinez ("G. Martinez"), Alexander Ramirez ("Ramirez"), and Luis Martinez ("L. Martinez" and collectively, "Plaintiffs") move for conditional certification of a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Dkt. No. 11. Plaintiffs also seek leave to post notice of the action in conspicuous locations at JVA Industries Corp. and for discovery of certain identifying information as to potential class members. For the following reasons, the motion is granted with the exception of Plaintiffs' request for discovery of social security numbers.

## BACKGROUND

JVA Industries Inc. ("JVA Industries") is a construction company incorporated and based in New Jersey. Dkt. No. 3 ("Am. Compl." or "Amended Complaint") ¶¶ 19, 45, 46. Defendant Joseph Alfano ("Alfano" and together with "JVA Industries," "Defendants") is the president of JVA Industries. *Id.* ¶ 22.

Plaintiffs are three individuals who were employed as construction workers for JVA Industries. *Id.* ¶ 51. G. Martinez worked for JVA Industries from 2007 until August 5, 2020. *Id.* ¶ 11. Ramirez worked for JVA Industries from October 2012 until March 20, 2020. *Id.* ¶ 14.

L. Martinez worked for JVA Industries from March 2008 until July 17, 2020. *Id*. ¶ 17. Each Plaintiff alleges that he was regularly scheduled to work more than 40 hours per week and that JVA Industries failed to pay him and other employees the applicable overtime rate for all time worked in excess of 40 hours per week. *Id*. ¶¶ 27(a), 30, 32, 52-53.

Specifically, G. Martinez alleges that he worked an 8-hour day Monday through Friday with a half hour break, and almost every Saturday and occasionally on Sunday, *id*. ¶¶ 58-59, and that he was not paid at one and one-half his regular hourly rate for his hours worked beyond 40 hours per week, *id*. ¶¶ 68-69. Ramirez alleges that throughout his employment he worked an 8-hour day Monday through Friday with a half hour break and also, from April through September, worked an additional 8-hour day on Saturday and occasionally on Sunday. *Id*. ¶¶ 73-75. He claims that he was not paid at one and one-half his regular hourly rate for each hour worked beyond 40 hours per work week. *Id*. ¶¶ 81-82. L. Martinez worked Monday through Friday for seven hours per day, with one 30-minute break, and also worked on Saturdays and Sundays. *Id*. ¶¶ 85-87. He claims he was not paid at one and one-half times his regular hourly rate for hours worked beyond 40 hours per workweek. *Id*. ¶¶ 96-97. Each Plaintiff alleges that Defendants paid him by check for up to 40 hours per work and by cash or check for subsequent hours worked. *Id*. ¶¶ 70, 83, 98.

Plaintiffs filed suit against JVA Industries and Alfano on September 25, 2020, asserting claims under FLSA and New York Labor Law ("NYLL"). Dkt No. 1. On September 28, 2020, Plaintiffs filed the Amended Complaint. Dkt. No. 3. As currently pleaded, Plaintiffs allege violations of the FLSA overtime provisions, 29 U.S.C. § 201 *et seq*., and NYLL § 650 *et seq*. Am. Compl. ¶¶ 102-13. They also allege that they were not given annual wage notices of their

rate or rates of pay and basis thereof in violation of NYLL § 195(1) and did not receive accurate wage statements in violation of NYLL § 195(3).  *Id.* ¶¶ 33-34, 114-21.

Plaintiffs bring this action under FLSA's collective action provision on behalf of themselves and approximately 50 current and former construction workers at JVA Industries whom they claim are similarly situated with respect to Defendants' alleged common policy and practices in violation of FLSA.  *Id.* ¶ 27.  With respect to the state law claims, they also bring this action on behalf of a similarly-defined class under Federal Rule of Civil Procedure 23.

On November 17, 2020, Plaintiffs moved for conditional certification of a FLSA collective.  Dkt. No. 11.  Defendants opposed that motion on December 11, 2020, Dkt. No. 26, and Plaintiffs replied on December 22, 2020, Dkt. No. 24.

The motion is supported by declarations of each of the three Plaintiffs.  The declarations of G. Martinez, Ramirez, and L. Martinez are substantially identical to one another.  Each declares that he is "almost certain" that he worked more than 40 hours per week for Defendants. Dkt. No. 13 ¶ 3; Dkt. No. 14 ¶ 3; Dkt. No. 15 ¶ 3.  Each also declares that he was never paid time and one-half for work performed beyond 40 hours per week, that he was paid by check for the first 40 hours worked and by cash for hours in excess of the 40 hours, and that JVA Industries only took legally required withholdings for the first 40 hours worked and not for the overtime. Plaintiffs also declare that they discussed wages "and the fact that [they] were not paid overtime" with their coworkers.  *See, eg.*, Dkt. No. 12 ¶ 15.  The only individuals Plaintiffs identify as having not received overtime are the other Plaintiffs in this action.  The main difference among the declarations appears to be the dates of each Plaintiff's employment.  The motion is also supported by the declaration of counsel attaching an earlier complaint filed in another action against the same employer in which a motion for conditional certification was granted and in

3

which a settlement ultimately was reached.  *See* Dkt. No. 12 ¶¶ 4-6 (citing *Lopez v. JVA Industries Inc.*, No. 14-cv-09988 (S.D.N.Y. Dec. 18, 2014), Dkt. No. 1).

Defendants' principal argument is that Plaintiffs have failed to plausibly allege violations of the FLSA.  They submit seven declarations in connection with their opposition.  The thrust of Defendants' declarations are that Plaintiffs' assertions are false.  They argue that JVA Industries' work was primarily at high-end luxury apartment buildings in Manhattan where alternation agreements do not permit them to work beyond 4:30 p.m. each weekday and do not permit weekend work at all and that the payroll records and statements of the foremen demonstrate that Plaintiffs did not work weekends and did not work any overtime hours during the course of their employment.[1]  *See, e.g.*, Dkt. No. 27 ¶¶ 3, 5.  The statements of the foremen are each also substantially identical.

## DISCUSSION

Section 216(b) of the FLSA permits an employee aggrieved by a violation of the statute to maintain an action against any employer "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 n.1 (2013) (characterizing section 216(b) as a "joinder process").  "[D]istrict courts have discretion, in appropriate cases, to

---

[1] Although some of the declarations in opposition are qualified—appropriately—as being to the best of the foreman's recollection.

implement [Section 216(b)] by facilitating notice to potential plaintiffs." *Hoffman-La Roche*, 493 U.S. at 169.

The Second Circuit has endorsed a two-step method to determine whether a case should proceed as a collective action under FLSA. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). In the first step, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs." *Id*. at 555. Plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id*. (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Mere "unsupported assertions" are not sufficient to pass the first step, but it "should remain a low standard of proof because the purpose of the first stage is to merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id*. (quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id*. The "similarly situated" analysis is "quite distinct" from "the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." *Id.* at 556.

Plaintiff's burden at the conditional certification stage is "minimal." *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013). "Plaintiffs can meet this burden by showing that 'there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" *Fraticelli v. MSG Holdings, L.P.*, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Hertz*, 624 F.3d at 555).

5

However, "[w]hile plaintiff's burden at this stage is modest, it is not non-existent." *Khan v. Airport Mgmt. Servs. LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011).

If this Court determines that "similarly situated" employees exist, it will conditionally certify the collective and order that appropriate notice be given to members of the FLSA collective to afford them the opportunity to opt into the action. *See Cunningham v. Elec. Data Sys. Corp.*, 2010 WL 5076703, at *5 (S.D.N.Y. Dec. 13, 2010); *see also Lynch v. U.S. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process."). One reason why plaintiff's burden at the first stage is minimal is that the defendant is entitled to discovery of opt-ins after the first stage to determine whether the collective action may go forward. At the second stage, after discovery is completed, this Court will, "on a fuller record, determine . . . whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Hertz*, 624 F.3d at 555. "The action may be 'decertified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.*

### A.   Plaintiffs Have Made the Modest Showing Necessary for Conditional Certification

Plaintiffs have made the "modest" showing necessary to establish that they and the other construction workers employed by JVA Industries were similarly situated. Each of the three Plaintiffs testifies to a uniform practice, implemented over a number of years, of paying them by check for all hours worked up to 40 hours per week and then paying them in cash (and not at the overtime rate) for hours worked in excess of 40 hours per week. They also declare that there were others (unnamed) who were also not paid overtime hours. That is sufficient at this stage to permit conditional certification. *See Mendoza v. Ashiya Sushi 5, Inc.*, 2013 WL 5211839, at *5-6 (S.D.N.Y. Nov. 25, 2013) (granting conditional certification based on affidavit of plaintiff's

6

observations and conversations with others and observing "'courts regularly rely on . . . hearsay statements in determining the propriety of sending notice' in FLSA conditional collective action certifications") (quoting *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012)); *Liping Dai v. Lychee House, Inc.*, 2018 WL 4360772, at *8 (S.D.N.Y. Aug. 29, 2018) (holding that an attestation by plaintiffs of their observations and coworkers' complaints is sufficient to support conditional certification) (citing cases).

Defendants argue forcefully that Plaintiffs' declarations are untrue. Plaintiffs, they say, cannot have worked more than 40 hours per week. It should be noted, however, that while Defendants suggest that Plaintiffs' declarations are self-serving and should not be credited, the declarations Defendants submit are each from current employees who cannot be said to be purely disinterested. While some of the assertions of those declarants are inconsistent with Plaintiffs' allegations, others are not. For example, it is not inconsistent with Plaintiffs' allegations that the payroll records do not reflect overtime hours for Plaintiffs. That is Plaintiffs' point. They allegedly were paid in cash for overtime hours.

More importantly, "[a]t this stage, the Court ought not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'" *Shillingford v. Astra Home Care, Inc.*, 293 F. Supp. 3d 401, 407 (S.D.N.Y. 2018) (quoting *Hypolite v. Health Care Servs. of N.Y., Inc.*, 256 F. Supp. 3d 485, 489 (S.D.N.Y. 2017)); *see also Lynch*, 491 F. Supp. 2d at 368 ("[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."). The time to make such credibility determinations will occur after stage one.

Defendants also challenge Plaintiffs' motion on the grounds that "[t]he identities of these 'other construction laborers' [who were not paid overtime] remain unknown at this time." Dkt.

No. 26 at 5.  The fact that none of the Plaintiffs has identified the co-workers with whom they allegedly spoke is not fatal.  *See, e.g.*, *Nahar v. Dozen Bagels Co. Inc.*, 2015 WL 6207076, at *5 (S.D.N.Y. Oct. 20, 2015).  A contrary holding would require Plaintiffs to publicly identify and discuss potential FLSA violations against co-workers who may prefer to remain anonymous.  Section 216(b) does not require that.  A court may grant Section 216(b) conditional certification even when the application is supported only by the allegations of the named plaintiffs.  Thus, "[p]laintiffs may satisfy [their] requirement by relying on their own pleadings, affidavits, declarations, *or* the affidavits and declarations of other potential class members."  *Ramos v. DNC Food Serv. Corp.*, 2020 WL 2832776, at *2 (S.D.N.Y. June 1, 2020) (quoting *Hallisey v. Am. Online, Inc.*, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)) (emphasis added); *see also Mendoza*, 2013 WL 5211839, at *5-6 (granting conditional certification based on declaration of plaintiff and records).  The role of the court at this stage is "not to determine the litigiousness of putative members of the collective action."  *Mendoza*, 2013 WL 5211839, at *6.  Nor are "FLSA plaintiffs [required] to locate and identify additional plaintiffs in advance of certification."  *Id.*  Such a "requirement . . ., if adopted, would obviate the advantages of § 216(b) notice."  *Id.*

Finally, Defendants offer no support for their argument that if "the Court does grant Plaintiffs' [m]otion, it should only be limited to current or former employees employed at the same job sites employed by Defendant JVA in Manhattan."  Dkt No. 26 at 6.  Plaintiffs' allegations, along with Defendants' submissions, establish that each of the three Plaintiffs worked at a number of different locations during their lengthy employ with Defendants and that, regardless of worksite, they worked more than 40 hours per week without being paid overtime.  There is no support in the record for the proposition that the allegedly common policy and practice experienced by these three Plaintiffs in the worksites where they were employed was not

also followed in the worksites where they were not employed.  Defendants submit a declaration from the JVA Director of Operations charged with overseeing payroll ostensibly for all of JVA Industries.  Dkt No. 28.  Although the Director vehemently denies that FLSA was violated, the fact that one employee oversaw payroll for all of JVA Industries supports the contention that if there was a common practice and policy that affected Plaintiffs' worksites it also affected other worksites.  *See* C*ano v. Four M Food Corp.*, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) ("It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, or worked at the same locations as the named plaintiffs . . . [a]s long as they were all similarly situated with *respect to being subject to the same policy* of being denied overtime compensation, and there exists a factual nexus among the plaintiffs."); *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (the fact that different employees performed different jobs . . . does not necessarily preclude them from being considered "similarly situated" where "the fundamental allegation . . . is common to all the . . . plaintiffs and dominates each of their claims").

### B. Notice

Once a court determines that a named plaintiff has satisfied his or her burden for initial certification of a collective action, the court may authorize issuance of a notice informing potential additional plaintiffs of their opportunity to opt into the lawsuit.  *Lynch*, 491 F. Supp. 2d at 367.  The content of the notice is "left to the broad discretion of the trial court."  *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y 2007).  "When exercising [their] broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions."  *Id.*

Defendants argue that the notice and the FLSA collective action should be limited to persons who were employed by them in the two-year period prior to the filing of the complaint,

9

and not the three-year period prior to the filing of the complaint proposed by Plaintiffs. Defendants note that the statute of limitations for FLSA claims is two years from the violation except if the violation is willful.  They claim that they did not "intentionally withhold compensation with regard to any of their employees" and that there was "an actual (and legal) impossibility for any of Defendant JVA[] Industries['] employees to work, or be eligible to work, any overtime hours for the jobs in Manhattan during the relevant period" and that if Plaintiffs worked overtime they failed to notify Defendants.  Dkt. No. 26 at 12.

The argument fails to accept Plaintiffs' well-pled allegations and declarations as true as the Court is required to do at this stage.  Accepting those allegations and declarations, Defendants knew that Plaintiffs were working overtime and intentionally paid them by cash rather than check because they knew their conduct was wrongful.

Courts have conditionally certified classes comprised of persons employed over the three-year period prior to the filing of a complaint "[o]ut of an abundance of caution[] and seeking to avoid any merits-based determinations" at an early stage in the litigation.  *Fasanelli*, 516 F. Supp. 2d at 323; *see also Marcial v. New Hudson Family Restaurant Inc.*, 2019 WL 1900336, at *8 & n.14 (S.D.N.Y. Apr. 29, 2019) (directing that notice be provided to potential collective action members working for defendants during the three years prior to the date of the filing of the action); *Mongiove v. Nate's Corp.*, 2016 WL 590460, at *6 (E.D.N.Y. Feb. 11, 2016) (holding that notice should be sent to persons employed within three years of the date of the filing of the complaint because the timeliness of each plaintiff's action should be determined in a future proceeding).  "Specific challenges to the timeliness of the claims of certain 'opt-in' plaintiffs or the named [p]laintiff can be addressed after the completion of discovery during the second phase of the collective action certification process."  *Fasanelli*, 516 F. Supp. 2d at 323.

Plaintiffs also ask that Defendants be required to post the notice along with consent forms "in conspicuous locations at JVA Industries" or locations "clearly visible" to potential opt-in plaintiffs. Dkt. No. 11 at 2; Dkt. No. 16 at 10. Defendants do not object to this request and it is routine in this District. *See Ramos*, 2020 WL 2832776, at *10 (approving requirement that notice be posted at place of employment).

## C.   Discovery

To facilitate notice, Plaintiff seeks production from Defendants of the following information with respect to all potential members of the FLSA collective: names, last known mailing address, alternate address, telephone numbers, social security numbers, and dates of employment. Dkt. No. 11 at 2; Dkt. No. 16 at 10.

The Supreme Court has held that district courts have authority "to permit discovery of the names and addresses" of potential members of the collective action. *Hoffman-La Roche*, 493 U.S. at 170. Thus, in furtherance of the general purposes of FLSA, "[c]ourts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) (quoting *Martin v. Sprint/United Mgmt. Co.*, 2016 WL 30334, at *9-10 (S.D.N.Y. Jan. 4, 2016) (collecting cases)); *see also Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 663 (S.D.N.Y. 2017) (same).

At this stage, however, Plaintiff has not made a sufficient showing to obtain social security numbers. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 448 (S.D.N.Y. 2011) ("[C]ourts often decline to allow discovery of social security numbers due to privacy concerns" but will do so upon a showing that "names and contact information are insufficient to effectuate notice"); *see also Martin*, 2016 WL 30334, at *20 (holding that

11

plaintiffs had not demonstrated the necessity for obtaining social security numbers). Accordingly, Plaintiff may obtain discovery from Defendants of all of the requested information except for social security numbers.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification of a collective action under FLSA is GRANTED, as is Plaintiffs' unopposed request that notice be posted in "conspicuous" or "clearly visible" locations at JVA Industries, as well as Plaintiff's request for discovery from Defendants of names, last known mailing address, alternate address, telephone numbers, social security numbers, and dates of employment of all potential members of the class. Plaintiffs' request for discovery of social security numbers is DENIED without prejudice.

SO ORDERED.

Dated: April 6, 2021
      New York, New York

                                        LEWIS J. LIMAN
                                        United States District Judge