The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

July 26, 2021

**Via ECF**
Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

MEMORANDUM ENDORSED. The unopposed motion to compel production is GRANTED. Defendant shall produce the discovery described herein on or before August 23, 2021. SO ORDERED.
8/2/2021

SO ORDERED.

*[signature]*
LEWIS J. LIMAN
United States District Judge

Re:   *Martinez et al. v. JVA Industries Inc. et al.*
      20-cv-07977 (LJL)

Dear Judge Liman:

This office represents Plaintiffs in the above captioned matter. Plaintiffs seek relief from the Court concerning the discovery dispute set forth below. On July 22, 2021, the parties met and conferred by phone but were unable to resolve the dispute.

The discovery dispute is as follows: Plaintiffs request that for the relevant time-period that the corporate defendant JVA Industries, Inc. ("JVA") provide bank records reflecting cash withdraw of $200 or more. See document request #1.[1] A copy of this request is annexed as Exhibit A. A brief description of this lawsuit shows why Defendants should be compelled to produce this discovery.

This is a class action lawsuit brought on behalf of construction workers who worked for Defendants. Since the lawsuit was filed, ten additional Plaintiffs have joined this action. Plaintiffs allege that they were paid "on the books" for the first 40 hours they worked but only paid cash at "straight time" for work performed after 40 hours. Defendants in turn argue that Plaintiffs were paid for all hours worked and never paid in cash.

On November 17, 2020, Plaintiffs moved for conditional certification (dkt 11-16). On December 12, 2020, Defendants opposed Plaintiffs' motion for conditional certification. In support of their opposition, Defendants submitted several declarations of employees of JVA (dkt 27-33). In these declarations, employees of JVA stated under oath that the three named Plaintiffs were never required to work overtime. Employees of JVA

---

[1] The relevant time-period is September 25, 2014, to the present.

who provided these declarations included Anthony DePinto and individual Defendant Joseph Alfano (dkt 27-28).

Significantly, Defendants have produced in this litigation approximately 30 text messages from Defendants (a noticeable amount from Mr. DePinto) requesting that they perform overtime. A sampling of these text messages are annexed as Exhibit B. Additionally, Defendants thus far Defendants have not provided Plaintiffs with contemporaneous time records. These text messages should be reviewed in combination with Defendants' lack of contemporaneous time record production. Accordingly, Plaintiffs believe the bank records will confirm Plaintiffs claims of being paid in cash for overtime work performed.

As "the basic premise that the deposition-discovery rules are to be accorded a broad and liberal treatment," JVA's bank records should be produced under the the liberal standards of federal discovery. *See Lopez v. City of New York*, 2021 U.S. Dist. LEXIS 123469, at * 2 (S.D.N.Y. July 1, 2021) *citing Schlagenhauf v. Holder*, 379 U.S. 104, 114 (1964).

Consistent with the liberal standard with respect to discovery, the Supreme Court has recognized that bank records are discoverable. *United States v. Miller*, 425 U.S. 435, 440, 442 (abrogated by statute on other grounds) and courts in the Second Circuit have previously ordered a party to provide bank records. *See SPV-LS, LLC v. Transamerica Life Ins. Co. (In re Rule 45 Subpoena JP Morgan Chase Bank, N.A.)*, 2016 U.S. Dist. LEXIS 17063, at * 6 (S.D.N.Y. Dec. 9, 2016) ("Against this background, even assuming Kroll's privacy concerns are legitimate, they do not outweigh the probative value of the bank records.").

We request the following relief from the Court. That by a date certain, that Defendants provide Plaintiffs, for attorney eyes only, records of all cash withdrawals from September 25, 2014, to the present of JVA. The bank records can be redacted except for the amount of the withdrawal, the date of withdrawal and the name of the bank account. A search for all withdrawals can easily be performed through one's online bank account. If there are periodic cash withdrawals of $200 or more, Plaintiffs will request that the Court require such bank records of Defendants to be produced.

We thank the Court for its assistance in helping the parties resolve this discovery dispute.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiffs*

**Via ECF**
*All attorneys on record*

I, Jacob Aronauer, certify that I made a good faith attempt to confer with the party with respect to the discovery disputes discussed in my July 26, 2021 letter.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREVIL MARTINEZ,
ALEXANDER RAMIREZ, and                              20-cv-07977-LJL
LUIS MARTINEZ, on behalf of themselves
and others similarly situated,
                                                    PLAINTIFFS' FIFTH
                                     Plaintiffs,    REQUEST FOR
                                                    DOCUMENTS AND
    -against-                                       ELECTRONICALLY
                                                    STORED INFORMATION
JVA INDUSTRIES, INC.                 Defendants.    TO DEFENDANTS
and JOSEPH ALFANO,
individually,

------------------------------------------------------------------X

      PLEASE TAKE NOTICE that, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned attorney, request that Defendants JVA Industries, Inc., and Joseph Alfano, individually (collectively "Defendants") respond to these requests and produce for inspection and copying the documents and other tangible objects described below at The Law Offices of Jacob Aronauer, 225 Broadway, 3rd Floor, New York, NY 10007 within thirty (30) days of service hereof.

## DEFINITIONS

1.     The terms "communication," "document," "identify," "plaintiff," "defendant," "person," "concerning," shall be defined as those terms are defined in Local Civil Rule 26.3(c).

2.     The term "electronically stored information" shall be defined as that term is defined in Rule 34 of the Federal Rules of Civil Procedure.

3. The terms "all/each" and "and/or" shall be construed as set forth in Local Civil Rule 26.3(d).

4. The use of the singular form of any word includes the use of the plural and vice versa.

5. These definitions shall not be construed to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

6. Electronically stored information should be produced in electronic form, which is both scannable and readable.

7. The term "G. Martinez" shall mean Plaintiff Grevil Martinez.

8. The term "Ramirez" shall mean Plaintiff Alexander Ramirez.

9. The term "L. Martinez" shall mean Plaintiff Luis Martinez.

10. The term "Defendant Alfano" shall mean Joseph Alfano.

11. The term "JVA Industries" shall mean JVA Industries, Inc.

12. The term "Blake" shall mean FLSA Opt-in Plaintiff Michael Blake.

13. The term "Ponce" shall mean FLSA Opt-in Plaintiff Jorge Ponce.

14. The term "Devignes" shall mean FLSA Opt-in Plaintiff Terry Devignes.

15. The term "Ferrace" shall mean FLSA Opt-in Plaintiff Everton Ferrace.

16. The term "Douglas" shall mean FLSA Opt-in Plaintiff Anthony Douglas.

17. The term "Defendants" refers to, individually and collectively, any predecessor or successor in interest, any officers, directors, employees, owners, corporate parents, subsidiaries, affiliates, divisions, attorneys, agents, representatives, beneficiaries, or any other person acting or purporting to act on behalf of any of them, located in any headquarters office, field office, home office, or other location.

18. The term "Class Members" means all individuals who worked as a construction workers on behalf of Defendants from September 25, 2014 through the present.

19. The term "Action" refers to the matter 20-cv-07977-LJL.

20. The term "Relevant Time Period" refers to the entire period covered by this Action, *i.e.*, September 25, 2020 through the date a final judgment is entered.

## INSTRUCTIONS

1. In answering these requests for documents and electronically stored information, Defendants shall furnish all such documents and electronically stored information available to them, including those in the possession of their investigators and all persons acting on their behalf and not merely those in their immediate possession. If Defendants are unaware of the existence of any documents and electronically stored information responsive to a request, they should expressly so indicate, answer to the extent possible and identify any person or persons who may have additional knowledge or information to complete the response.

2. If Defendants are aware of the existence of any responsive documents or electronically stored information but are unable to produce such documents for any reason, then they shall identify such documents or electronically stored information as the term "identify" is used in Local Rule 26.3(c).

3. If, to Defendants' knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in possession, custody, or control of any other person, please identify all such persons.

4. If any responsive document was formerly in Defendants' possession, custody, or control but has been eliminated from Defendants' possession in any way, including,

but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

    a. Describe in detail the nature of the document and its contents;

    b. Identify the person or persons who authored, prepared, and/or edited the document and, if applicable, the person or persons to whom the document was sent;

    c. List all dates when the document was copied, created, or modified;

    d. List all dates when the document was eliminated from your possession in any way;

    e. State any reason(s) the document was eliminated from your possession in any way; and

    f. List all persons who have had possession of the document or have knowledge of its contents.

5. Questions regarding the interpretation of these requests for documents and electronically stored information should be resolved in favor of the broadest possible construction.

6. The requests for documents and electronically stored information which follow are to be considered as continuing, and defendant is requested to provide, by way of supplementary answers thereto, such additional documents or electronically stored information as they or any persons acting on their behalf may hereafter obtain which will augment, clarify or otherwise modify the current responses. Such supplementary responses are to be filed and served upon counsel for Plaintiff

promptly upon receipt of such additional information or documents in accordance with Rule 34 of the Federal Rules of Civil Procedure.

7. If Defendants objects to any request for documents or electronically stored information in whole or in part, state the precise reason for each objection so that Plaintiffs may evaluate the objection and, if necessary, the Court can rule on the objection.

8. In accordance with Fed. R. Civ. P. 26(b)(5), if any document responsive to Plaintiffs' discovery requests is withheld pursuant to a claim of attorney-client privilege, attorney work product privilege, litigation materials privilege, or any other common law or statutory privilege or protection, please specify the following:

    a. The basis for withholding such document;
    b. A generic description of the document being withheld;
    c. The date the information contained in the document was learned or the document created;
    d. The identity of the individual(s) who learned the information or authored the document;
    e. The date the document was transmitted or otherwise made available to anyone; and
    f. The specific request(s) to which the withheld document relates.

9. Unless otherwise indicated, the time period for these requests includes September 25, 2014 to the present.

## REQUESTS FOR DOCUMENTS

1. All bank records of all banks used by JVA Industries during the Relevant Time Period.

2. All bank records of all banks used by Joseph Alfano during the Relevant Time Period.

Dated: May 25, 2020
New York, New York

                          **THE LAW OFFICES OF JACOB ARONAUER**

                          By:   */s/ Jacob Aronauer*
                                Jacob Aronauer
                                225 Broadway, 3rd Floor
                                New York, NY 10007
                                Telephone: (212) 323-6980
                                Facsimile: (212) 233-9238

To:   **Via E-mail**
        Peter John Koulikourdis
        *Attorney for Defendants*

# EXHIBIT B

2:34 📧 🖼️   📧📶 92%

< **Thony J. v. a, Grevi... (2)**   🔍  ⋮
2 recipients

Thursday, February 7, 2019

**T**  Thony J. v. a

> Can you work Saturday
> MMS 1:36 PM

MMS 1:43 PM  **Yes**

**G**  Grevil J.v.a

> Yes   MMS 1:48 PM



**Thony J. v. a**
+16465237035

Friday, June 28, 2019

What's Tony u have work for me for tomorrow??
11:47 AM

Yes call efrin
12:19 PM

Friday, July 19, 2019

What's up Tony u have work for tomorrow?
1:16 PM

Friday, July 26, 2019

Hey Tony we can't work here saturday.
11:58 AM

Monday, September 9, 2019

Where are you

