```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
GREVIL MARTINEZ, et al.,                                         :
                                                                 :
                              Plaintiffs,                        :
                                                                 :         20-cv-7977 (LJL)
         -v-                                                     :
                                                                 :              ORDER
JVA INDUSTRIES INC., et al.,                                     :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/11/2021
```

LEWIS J. LIMAN, United States District Judge:

Plaintiffs ask that the Court order Defendants to provide "all of the time records in their possession and not just the time records in Paychex's possession that were provided to Paychex by Defendants based upon information that Defendants gave Paychex." Dkt No. 63 at 2. Defendants take the position that there are no paper records that remain regarding the hours submitted to Paychex and that it is unlikely additional documents will be available. Plaintiffs state that that is implausible. The Court previously ruled as follows: "The defendant is ordered to produce any and all documents that it has reflecting the hours each class member worked each work day, [and] the total hours each class member worked each work week during the relevant time period . . . in whatever form those documents exist, to the extent they exist." Dkt No. 61 at 11:20-25 (transcript of July 14, 2021 hearing) ("Tr."). The Court's order was unambiguous that Defendants' obligations extended to the full reach of Plaintiffs' document request number 8(c). The Court construes Plaintiffs' request as one to enforce the Court's prior order. The prior order was made under Rule 37(a). IT IS ORDERED that Defendants shall produce all documents set forth in the July 14, 2021 order and all documents called for by request number 8(c) by August

25, 2021, on pain of sanctions if Defendants fail to comply. See Fed. R. Civ. P. 37(b)(2) (identifying sanctions that may be imposed if a party fails to obey an order to provide or permit discovery).

Plaintiffs claim that Defendants have failed to conduct a good faith search for electronic discovery. On July 14, 2021, I ordered that with respect to Plaintiffs' request number 5, Defendants should conduct a reasonable search for documents responsive to request number 5 and should meet and confer with respect to what has been done to satisfy request number 5. Tr. 14:22-15:4. I also ordered that Defendants produce the email from Mr. Depinto to which Carl Wiggins was responding in the email attached to Plaintiffs' letter at Dkt No. 46, Ex. E "and any follow-up e-mails with respect to the Wiggins e-mail that is part of defendant's motion for discovery." Tr. 14:6-13. Defendants represented that they satisfied their discovery obligations, Tr. 14:15-21, but Plaintiffs stated that they were unable to state 1) who performed the search; 2) how the search was performed; and 3) the nature of the ESI that was searched for. Plaintiffs also allege that the emails have not been produced. Defendants are ORDERED to produce the email from Mr. Depinto to which Carl Wiggins was responding in the email attached to Plaintiffs' letter at Dkt. No. 46, Ex. E and any follow-up e-mails with respect to the Wiggins e-mail at Dkt. No. 46, Ex. E by August 25, 2021. Plaintiffs may take a Rule 30(b)(6) deposition of a representative of Defendants with respect to Defendants' search for and production of ESI on or before August 27, 2021. Such deposition may be taken remotely, shall not last longer than three hours, and shall be at Defendants' expense, both for costs and for reasonable attorney's fees for a single Plaintiffs lawyer to take the deposition.

Plaintiffs complain that Defendants' responses to the requests for admission (RFAs) at Dkt. No. 63, Ex. C are insufficient. The RFAs ask defendants to admit to text messages

exchanged by their employee Mr. DePinto.  As a general matter, Defendants respond that they cannot admit or deny "because there is an insufficient basis" because the text message threads are incomplete.  Plaintiffs state that Defendants represented that they would produce the metadata which would establish the authenticity of the messages and that they were sent but have failed to do so.  The Court construes Plaintiffs' request to be a motion regarding the sufficiency of an answer or objection under Rule 36(a)(6) based upon Defendants' failure to state that it has made reasonable inquiry and has the information it knows or can readily obtain is insufficient to enable it to admit or deny under Rule 36(a)(4).  *See Gibson v. SCE Grp., Inc.*, 391 F. Supp. 3d 228, 250 (S.D.N.Y. 2019) (deeming facts conclusively established where responding party neither timely responded to requests for admission nor made a motion for the admission to be withdrawn or amended); *see also T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997) ("Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.  In this connection, relevant documents and regulations must be reviewed as well") (quoting *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y. 1992)).  Defendants are ORDERED to provide an answer to RFAs 2-9 and 11-12 by August 17, 2021, in conformance with the law as stated above, on pain that if they fail to do so the RFAs will be deemed admitted.

IT IS FURTHER ORDERED:

1. Defendants shall provide all contact information Defendants have regarding any person that has opted into the class, including phone numbers.  *Cf. Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) ("the weight of

authority in this district counsels in favor" of allowing "pre-certification disclosure of contact information") (collecting cases).  This is a continuing duty with respect to anyone who opts in in the future.

2. Depositions are to be conducted live and in-person with the exception of the Rule 30(b)(6) deposition referenced above, provided that all participants including the Court reporter, the witness, and counsel have been fully vaccinated or show a negative Covid test within 48 hours prior to the commencement of the deposition.  If any participant is neither fully-vaccinated nor able to show that s/he has had a negative Covid test within 48 hours prior to the commencement of the deposition, the deposition shall be taken remotely.

3. The parties are reminded that all depositions are to be completed by September 9, 2021, and fact discovery is to be completed no later than October 15, 2021.  Dkt No. 51.

SO ORDERED.

Dated: August 11, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge