```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
GREVIL MARTINEZ et al,                                         :
                                                               :
                               Plaintiffs,                     :
                                                               :       20-cv-7977 (LJL)
              -v-                                              :
                                                               :            ORDER
JVA INDUSTRIES INC. et al,                                     :
                                                               :
                               Defendants.                     :
                                                               :
---------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The parties have filed a stipulation of voluntary dismissal, dismissing with prejudice the claims of FLSA Opt-in Jorge Quispe against defendants Joseph Alfano and JVA Industries Inc., with the dismissal presumably as part of a proposed settlement. See Dkt. No. 88. The case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Under current Second Circuit law, any settlement—including any proposed attorney's fee award—must be scrutinized by the Court to ensure that it is fair. See *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Accordingly, it is hereby ORDERED that, on or before **January 20, 2022**, the parties must submit to the Court a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The letter should address any confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement agreement. The letter should also address, if applicable, any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate) consistent with the principles set forth in *Fisher*, 948 F.3d at 600. It is not sufficient to state the proportion of the requested

attorney's fee to the overall settlement amount. Rather, the reasonableness of attorney's fees must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee). Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

The parties are directed to appear telephonically for a settlement approval hearing on **January 27, 2022 at 12:00 p.m.** Plaintiff Jorge Quispe shall appear at the hearing and, if necessary, with an interpreter. The parties are directed to dial (888) 251-2909 and use the access code 2123101.

SO ORDERED.

Dated: December 27, 2021
  New York, New York

_____
LEWIS J. LIMAN
United States District Judge