The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

February 21, 2022

**Via ECF**
Hon. James Cott
United States District Court of New York
500 Pearl Street
New York, New York 10007

        Re:    *Martinez v. JVA Industries et al.*
               20-cv-07977 (JLC)

Dear Judge Cott:

        This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), as Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The signed settlement agreement is annexed.

        The parties have memorialized and executed a settlement agreement which will discontinue the above-captioned case, with prejudice, in exchange for a payment by Defendants JVA Industries Inc. et al. and Joseph Alfano (collectively, "Defendants") to the Plaintiffs and opt-ins for $222,225.50 in satisfaction for all claims raised in this action (and in accordance with the terms of the settlement agreement). Pursuant to the terms of the settlement agreement, Plaintiffs will receive $141,506.00 and Plaintiffs' counsel will retain $80,716.50 in fees and expenses.

### Claims and Defenses

        It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact each party's ability to prevail if this case proceeded to dispositive motion practice or to trial.

### Plaintiffs' Position

        Plaintiffs commenced this action seeking unpaid wages pursuant to the FLSA and NYLL, as well as damages for alleged wage notice and wage statement violations. Plaintiffs worked as construction workers on behalf of JVA Industries Inc. ("JVA") and its owner, Joseph Alfano. This lawsuit was filed as a FLSA Collective and Class Action Under Rule 23 on behalf of all construction workers who worked for Defendants.

Plaintiffs allege that they were paid at straight time for all work performed after 40 hours. The FLSA Opt-ins similarly allege that they were paid at straight time for all work performed after 40 hours. Plaintiffs allege that they were paid for work after 40 hours as independent contractors (checks without withholdings) or, in the alternative, in cash. In support of this position, Plaintiffs provided checks without withholdings and 1099s issued by Defendants to Plaintiffs.

Plaintiffs and the FLSA Opt-ins believe that their best case scenario is $428,952.76 in unpaid wages, liquidated damages, and notice damages. Thus, Plaintiffs and the FLSA Opt-ins are receiving 32.99% of their best case scenario.

Plaintiffs' respectfully disagree with Defendants' position as it relates to purported social security numbers impropriety.

### Defendants' Position

Defendants maintain that the merits of the Plaintiffs' claims are questionable at best and there are serious issues of credibility. The three original Plaintiffs, Grevil Martinez, Luis Martinez, and Alex Ramirez, in their depositions, were unable to articulate when and where the alleged overtime hours had accrued. When asked about the specific location of the job sites or the names of the foremen (for whom the authorization for overtime hours was necessary), they were unable to provide any specific details regarding the alleged overtime hours. In fact, one of the Plaintiffs, Luis Martinez, alleged that he worked overtime hours virtually every Saturdays and Sundays for the past several years, without being able to provide any further specific details to corroborate his allegations. Further, we have obtained affidavits from the general contractors for JVA Industries, Inc. who have essentially eliminated the factual possibility of any overtime hours being available at these job sites (e.g., these affidavits state the strict building hours, which disallow any work prior to 7:30 a.m. and not past 4:30 p.m., as well as no weekend work being allowed).

Plaintiffs' credibility is a central aspect of this matter because their true identities and / or social security numbers for some of them may not be authentic.[1] Based on the apparent improper use of social security numbers, the validity of the Plaintiffs' true identity cannot be confirmed. It was established during discovery and depositions that the Plaintiffs Grevil Martinez and Luis Martinez are siblings. Upon information and belief, Plaintiff Alex Ramirez is related to both Martinez brothers. However, Plaintiff Ramirez continued to deny his familial relationship with the Martinez brothers. Moreover, it is beyond a mere coincidence that the two Martinez brothers and their (apparent) relative, Plaintiff Ramirez, were the only Plaintiffs when this matter originally commenced.

Based on the foregoing, Defendants are confident that they would have prevailed if this matter was tried before a jury.

---

[1] This was discovered during the course of discovery and based on the sworn statements of Defendants during deposition. During discovery and depositions, we have discovered that there are multiple incidents of the improper use of social security numbers in the Plaintiffs' wage documents (e.g., tax returns and W2s).

**The Settlement Terms**

Pursuant to the Settlement Agreement, the parties have agreed to the following break-down as to payment of the total $222,225.50 settlement amount:

- Plaintiffs and FLSA Opt-ins:                           $141,506.00
- Attorneys' fees and expenses:                        $80,716.50

Defendants will make two separate payments in equal amounts. The first payment will be due 60 days after Court approval of the settlement and the second payment will be due 90 days after Court approval. To secure payment, the parties have included an attorney fees provision if Defendants fail to pay after the grace period.

The parties believe this settlement to be a fair resolution to this litigation, due to the aforementioned disputes about the value of Plaintiffs and the FLSA Opt-in claims.

**The Settlement Should be Approved**

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated by the court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, No. 12-3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." Id. at *2 (citations omitted); *see also Diaz v. Scores Holding Co.*, No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes...Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement") (citations omitted).

Based on the bona fide disputes as to the value and viability of Plaintiffs' claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiffs' claims in this action.

As set forth above, while Plaintiffs believe they would prevail on their claims, they acknowledge that they face significant risk in establishing liability and damages should this case proceed. Plaintiffs are cognizant of the risks and uncertainty of protracted litigation, motion practice, potential appeals, and other factors that might affect their ability to recover on any of the claims asserted in this action. Since Defendants insisted that Plaintiffs were paid time and a half for all hours worked after 40 hours, Plaintiffs risked obtaining no monies at all.

One of the major issues resulting toward settlement was the fact that JVA Industries is an individually-owned business. While the business appears profitable, it is still ultimately a relatively small business. Furthermore, construction companies suffered financially during the beginning of Covid as well as during the Omicron variant. Thus, full payment within 90 days of

the Court granting final approval is a reasonable outcome. Ultimately, for a single individual to pay over $220,000 in just 90 days is not insignificant.

It is respectfully submitted that approval of this settlement is warranted because it is the product of arms-length negotiations between parties represented by knowledgeable and experienced counsel who focus their respective practices on wage and hour litigation. *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 322 (S.D.N.Y. 2012). Throughout the course of those negotiations, the parties shared their respective views on the validity and potential value of the claims, and ultimately reached a deal that both sides felt, given the risks associated with protracted litigation, was a fair compromise.

The settlement agreement submitted for approval is in line with the mandates of *Cheeks*. The Agreement does not contain a confidentiality provision; the Agreement only provides for a release of NYLL and FLSA claims up to the date of the signing of the Agreement; and Plaintiffs' attorneys' fees will be 33.33% of the total settlement after reimbursement of expenses. Plaintiff's attorney fees is annexed.

The amount Plaintiffs' counsel is seeking is in line with 30% to 33.33% in FLSA cases. *See Santos v EL Tepeyac Butcher Shop, Inc.*, 2015 WL 90712, at *4 (S.D.N.Y. Dec. 15, 2015). Courts in this circuit have also held that a one-third contingency fee satisfies the broad remedial purposes of the FLSA and the NYLL. *See Khait v. Whirpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106 (E.D.N.Y. 2010).

To this end, Plaintiffs' counsel represents clients (the present plaintiffs included) on a contingency-fee basis, calculated during this case at 33.33% percent after reimbursement of expenses. This was the rate agreed upon by Plaintiffs and counsel at the outset via retainer agreements. To date, Plaintiffs' counsel bore all costs of litigation without compensation of any kind as his fee has been wholly contingent upon the result achieved. The expenses in this case were significant. Expenses included the filing fee ($400), cost of service on Defendants ($150), deposition costs ($8,399.83), and copies and mail costs related with respect to the notice of conditional certification ($1,013.69).

Plaintiffs' counsel subtracted the expenses from the total settlement amount. Plaintiffs' counsel then took 1/3 of the remaining settlement amount and added back the expenses for a total of $80,716.50.

Plaintiffs' attorneys' time and labor warrant the requested fee. Plaintiffs' counsel (1) met with Plaintiffs to learn relevant facts; (2) drafted and filed the Complaint; (3) regularly communicated with Plaintiffs to keep them updated regarding the progress of the case; (4) prepared damages calculations; (5) engaged in paper discovery; (6) successfully obtained conditional certification which led to ten other Plaintiffs joining the case; (7) successfully brought to the Court various discovery disputes; (8) prepared and defended eight depositions and took seven depositions; (9) drafted a pre-mediation statement; (10) successfully negotiated a settlement in the parties' settlement conference before Judge Cott; and (11) drafted the settlement agreement and *Cheeks* settlement letter.

As set forth supra, Plaintiffs faced a risk of loss based on disputed legal and factual issues. Moreover, Plaintiffs' attorneys took this case pursuant to retainer agreements with Plaintiffs that

stated that counsel would receive a percentage of the recovery only if Plaintiffs obtained a recovery.

Accordingly, Plaintiffs' counsel faced a risk of receiving little or no payment for their work depending on the outcome of the underlying claims. Thus, the magnitude, complexities, and risks of the litigation weigh in favor of approving the requested fee.

Plaintiffs' counsel has extensive experience representing employees in wage and hour actions. I deal almost exclusively in employment law. I received my J.D. from Suffolk University Law School in 2005 and formed The Law Offices of Jacob Aronauer in 2013. Prior to starting my own practice, I worked at New York law firms, as well as the New York City Mayor's Office of Labor Relations for over four years, where I successfully represented New York agencies.

I asked Vincent Bauer to assist me in this matter. I have known Mr. Bauer for more than 15 years and I consider it a privilege to be able to work with him. Mr. Bauer is a graduate of Harvard University and Fordham Law School. Mr. Bauer worked at Morgan Lewis for over 10 years and, overall, has 30 years of employment experience. Mr. Bauer took the deposition of Mr. Alfano, reviewed my work product, and headed the settlement conference before Judge Cott.

Plaintiffs' attorneys' fees in this matter are $80,716.50. My hourly rate is $415.00 and my paralegal rate is $165.00. This hourly rate was agreed to recently between my firm and a management side client sued under the FLSA in the SDNY. An hourly rate of $400 was previously approved in *Rossy's Bakery & Coffee Shop, Inc.*, 2021 U.S. Dist. LEXIS 61289, at *29 (S.D.N.Y. Mar. 30, 2021).

Mr. Bauer's hourly rate is $600. This is the hourly rate Mr. Bauer charges his management side clients.

Plaintiffs' lodestar calculation is 1.01, based on $70,016.90 in attorneys' fees and $9,963.52 in costs. This is a reasonable lodestar amount. *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp.3d 424, 439 (S.D.N.Y. 2014) (Honorable William H. Pauley III concluded that a "multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.").

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. $ 202(a). A fair attorneys' fee award that takes into account the services provided and the risks undertaken furthers these remedial purposes. For the reasons set forth above, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

## Conclusion

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL. The parties respectfully request that the Court approve the settlement and Dismiss the case with prejudice.

We thank the Court for its time and consideration.

Respectfully submitted,

By: _/s Jacob Aronauer_
Jacob Aronauer, Esq.

Attachments

cc:    All Counsel (via ECF)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered as of _____

___, 2022, between GREVIL MARTINEZ, ALEXANDER RAMIREZ, LUIS MARTINEZ,

MICHAEL BLAKE, ANTHONY CHARLES, MARCOS DELGADO, TERRY DEVINGNES,

ANTHONY DOUGLAS, EVERTON FERRANCE, JORGE PONCE and REYNALDO TORRES

(each a "Plaintiff," collectively, the "Plaintiffs") on the one hand, and JVA INDUSTRIES INC.

and JOSEPH ALFANO (each a "Defendant," collectively, the "Defendants"), on the other hand.

Plaintiffs and Defendants are referred to herein as each a "Party," collectively, the "Parties."

**Recitals**

**WHEREAS**, Plaintiffs commenced a civil action against Defendants by filing a complaint

(the "Complaint") on September 25, 2020 in the United States District Court for the Southern

District of New York, styled *Martinez et al v. JVA Industries Inc. et al* Case No. 1:20-cv-07977-

LJL-JLC (the "Litigation");

**WHEREAS**, the Court in the Litigation has made no findings as to the merits of the

Complaint;

**WHEREAS**, the Parties now desire to settle fully and finally all wage and hour

employment-related claims that Plaintiffs had, have, or may have had against the Defendants,

including but not limited to the claims asserted in the Litigation;

**WHEREAS**, the Parties, with the full assistance of and through consultation with their

counsel, freely and voluntarily enter into this Agreement;

**WHEREAS**, nothing contained in this Agreement shall, in any way, be construed or considered to be an admission of any Party of any liability under, violation of, or noncompliance with any federal, state, or local law or statute;

**WHEREAS**, Plaintiffs' counsel represent that pursuant to the Court's Opinion and Order of April 6, 2021, they received all names and contact information necessary to effectuate a notice of "similarly situated" potential opt-in plaintiffs.

**WHEREAS**, the "Covered Period" refers to the negotiated period of time pertaining to the claims of an individual Plaintiff. The period shall end on the date this Agreement is fully executed. The period shall begin as of six (6) years prior to the date the Consent to Join was filed for each Plaintiff.

**WHEREAS**, the Parties believe that this Agreement is fair and reasonable and in the best interests of all Parties; and

**NOW, THEREFORE,** in consideration of the mutual covenants and other good and valuable consideration as set forth in this Agreement, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

A.    **Settlement Payment**

1.    In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs and Plaintiffs' counsel the

total settlement amount of $222,222.50 (the "Settlement Amount"), inclusive of attorneys' fees and costs, as follows:

      a.      Within 60 days of the Court's approval in the Litigation of this Agreement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), Defendants will make the following payment of $111,111.25, representing one-half of the Settlement Amount.

      b.      Within 90 days from the Court's approval in the Litigation of this Agreement, Defendants will tender the balance of the payment in the amount of $111,111.25, which represents the remaining one-half of the Settlement Amount.

          i.      Counsel Vincent Bauer for Plaintiffs shall receive a payment in the amount of $26,532.37.

          ii.      Counsel Jacob Aronauer for Plaintiffs shall receive a payment in the amount of $54,184.13.

          iii.      Plaintiff Grevil Martinez shall receive a payment in the amount of $33,880.01 .

          iv.      Plaintiff Alexander Ramirez shall receive a payment in the amount of $28,117.54.

          v.      Plaintiff Luis Martinez shall receive a payment in the amount of $32,934.20.

3

      vi.        Plaintiff Michael Blake shall receive a payment in the amount of $4,613.72.

      vii.      Plaintiff Anthony Charles shall receive a payment in the amount of $3,989.56.

      viii.     Plaintiff Marcos Delgado shall receive a payment in the amount of $3,489.15.

      ix.       Plaintiff Terry Devignes shall receive a payment in the amount of $3,842.67.

      x.        Plaintiff Anthony Douglas shall receive a payment in the amount of $3,378.28. Plaintiff Anthony Douglas represents that, as of the date of this Agreement, he is still employed with JVA.

      xi.       Plaintiff Everton Ferrance shall receive a payment in the amount of $3,535.22.

      xii.      Plaintiff Jorge Ponce shall receive a payment in the amount of $19,399.79.

      xiii.     Plaintiff Reynaldo Torres shall receive a payment in the amount of $4,325.86.

c.     Payments shall be by check to each Plaintiff without withholdings.

d. Plaintiffs' counsel or their designee shall facilitate the delivery of each of the settlement checks issued by Defendants to each of Plaintiff.

e. Any amount of the Settlement Payment allocated to Plaintiffs who fail to cash their Settlement Payment check within one hundred eighty (180) days of issuance will revert to Defendants and the settlement payment check shall be voided.

f. Except for the fees, costs and other expenses set forth in this Section, the Parties shall bear responsibility for their own fees, costs and expenses incurred by them or arising out of this Litigation and will not seek reimbursement thereof from any party to this Agreement or the Released Parties.

2.    Defendants shall provide Plaintiffs and counsel for Plaintiffs with IRS Forms 1099 for their respective portions of the Settlement Amount and shall not make any tax withholdings on the payments to Plaintiffs and counsel for Plaintiffs. Plaintiffs accept full and exclusive responsibility for the payment of any and all taxes due with respect to their respective portions of the Settlement Amount (the "Tax Liability"). Further, Plaintiffs shall solely be responsible for any and all tax reporting and / or filing requirements in a timely manner, and shall hold Defendants harmless for any deficiency, penalty, and / or interest charged.   If any governmental taxing authority or court of competent jurisdiction ultimately determines that these payments were

5

improperly classified, Plaintiffs agree that they shall be solely liable for the payment not only of

the Tax Liability, but any tax deficiency, penalty, and/or interest charged with respect to their

failure to pay the Tax Liability, and will indemnify, defend, and hold the Defendants harmless

with respect to the Tax Liability or in any proceeding in which the Tax Liability is sought. Plaintiffs

have had the opportunity to obtain advice from a tax professional, and the Defendants make no

representation as to the taxability of the Settlement Amount.

B.    **Voluntary Dismissal**

1.      Within five days of the receipt of the total Settlement Amount, Plaintiffs, through

counsel, shall file with the Court in the Litigation a notice of dismissal with prejudice in accordance

with Fed. R. Civ. P. 41(1)(A)(i).

C.    **Release and Covenant Not to Sue**

1.      In consideration for the Settlement Amount and other consideration provided by

Defendants as described in this Agreement, Plaintiffs, individually and on behalf of anyone who

has or obtains any legal rights or claims through them, agree to hereby waive, release, and forever

discharge Defendants and their officers, directors, shareholders, owners, managers, investors,

employees, representatives and agents from any and all labor law claims that were or could have

been brought by Plaintiffs in this action, including but not limited to Plaintiffs' overtime claims,

or other claims of unpaid wages, such as any unpaid holidays, vacations, or weekends, or other

work performed for Defendant JVA or any of its representative or agents, and associated claims

6

for liquidated damages, attorneys' fees, and costs. The release described in this paragraph shall not extend to any rights for unemployment benefits or any claims which Plaintiffs are precluded from waiving by operation of law or claims that arise after the date of the Parties' execution of this Agreement.

2.      Plaintiffs further agree to waive any rights to become, and promise not to become, a member of any class or FLSA collective in a case in which labor law claims are asserted against Defendants. If without prior knowledge or consent, Plaintiffs are made members of a class in any proceeding under any labor law, Plaintiffs agree not to participate or file any class claims in that proceeding. Plaintiffs also waive any right to any monetary recovery should any governmental agency or other third party pursue any labor law claims on Plaintiffs' behalf.

3.      Plaintiffs agree not to file any lawsuit or commence any other legal proceedings against Defendants asserting any causes of action related to the claims released by this Agreement with respect to potential wage related claims under the FLSA and the NYLL. If any Plaintiff breaches the promise contained in this paragraph, he shall pay, in addition to damages, all reasonable attorneys' fees incurred by Defendants in defending the lawsuit or other proceeding. This paragraph shall not apply to a lawsuit or proceed brought by any Plaintiff to enforce the terms of this Agreement or any other claim that cannot be waived as a matter of law.

4.      Plaintiffs represent that they have not submitted any complaints or claims against Defendants with any governmental agency arising under any labor law with the exception of Grevil

7

Martinez's workers compensation claim against Defendants. Plaintiffs further represent that they have not filed any claims in any court against Defendants, other than the claims asserted in the Litigation.

5. To the maximum extent permitted by law, Plaintiffs hereby RELEASE AND FOREVER DISCHARGE Defendants for any and all claims arising out of this dispute.

6. Defendants agree not to file any lawsuit or commence any legal proceedings against Plaintiffs asserting any causes of action related to the claims released by this Agreement. However, Defendants' obligations to cooperate or comply with any government investigations, inspections or any enforcement actions shall not be restricted by this Agreement. If Defendants breach the promise contained in this paragraph, they shall pay, in addition to damages, all reasonable attorneys' fees incurred by Plaintiffs in defending the lawsuit or other proceeding. This paragraph shall not apply to a lawsuit or proceed brought by Defendants to enforce the terms of this Agreement or any claims that arise after the date of the Parties' execution of this agreement.

7. Defendants represent that they had not filed any claims in any court against Plaintiffs as of the date of signing this Agreement.

8. This settlement agreement will have no impact on Grevil Martinez's workers compensation claim against Defendants. However, Grevil Martinez acknowledges that his previous Workers' Compensation claim against Defendants (WCB Case #G281-7539) was

8

disallowed in a Notice of Decision by Judge Jan Kowalski, upon the conclusion of the matter being

decided on the merits on July 27, 2021.

**D.    Sufficient Consideration**

 1. Plaintiffs acknowledge that they have received sufficient consideration as set forth

in this Agreement. Plaintiffs further acknowledge that the release provisions set forth in Section C

shall be given full force and effect in accordance with each and all of the terms of this Agreement.

Plaintiffs further acknowledge that their employment with Defendants has ended and that upon

receipt of the consideration as set forth herein, they have been paid in full for all time worked and

are owed no other forms of compensation.

 2. Defendants acknowledge that they have received sufficient consideration as set

forth in this Agreement. Defendants further acknowledge that the release provisions set forth in

Section C shall be given full force and effect in accordance with each and all of the terms of this

Agreement.

**E.    Failure to Make Payment**

 1. In the event that any of the Settlement Amount described in Section A is not

received in the office of counsel for Plaintiffs by the close of business on the due date, or any check

given as payment hereunder is dishonored, counsel for Plaintiffs shall send notice to cure to

counsel for Defendants, Peter Koulikourdis via electronic mail to pkoulikourdis@gmail.com and

via certified mail, return receipt requested, to Koulikourdis and Associates, Hudson Professional

Building, 45 Hudson Street, Hackensack, NJ 07601.

2.    In the event Defendants fail to cure such default within five calendar days from the

receipt of such notice, Plaintiffs may seek to enforce the terms of this Agreement, and Plaintiffs

shall be entitled to recover all reasonable attorneys' fees and costs incurred in enforcing the terms

of this Agreement.

F.    **Representations and Acknowledgments**

1.    Plaintiffs represent that they have consulted with counsel prior to signing this

Agreement and that this Agreement is the product of arms-length negotiations between their

counsel and counsel for the Defendants.

2.    Plaintiffs further represent that:

a.    they are competent, as a matter of law, to enter into this Agreement;

b.    they have reviewed each and every provision of this Agreement;

c.    the Agreement has been explained to them by their counsel;

d.    the Agreement appears to them to have been written in a matter calculated

to be understood by them;

e.    they do in fact fully understand the Agreement, including the release of

claims;

10

f.    they have relied on their own judgment and that of their counsel regarding the language of this Agreement and the consideration described in Section A;

g.    they voluntarily and knowingly enter into this Agreement of their own free will; and

**h.    they had the terms of this Agreement in writing in their native language and there were no issues regarding the reading, understanding or interpreting of the Agreement in their native language**

3.    Plaintiffs acknowledge that the settlement memorialized by this Agreement was reached after arms-length negotiations and that this Agreement is fair and reasonable given the risks of litigation, including a bona fide dispute between the Parties about, among other things, the number of overtime hours Plaintiffs worked, whether Plaintiffs were fully compensated for any overtime hours worked, and whether Plaintiffs had viable claims regarding wage statements and wage notices.

G.    <u>Additional Terms</u>

1.    <u>Non-Admission</u>. This Agreement does not constitute an admission by any Party of violating any law, committing any tort, breaching any contract or committing any wrongdoing whatsoever. Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing as alleged in the Complaint.

11

2.    Choice of Law and Venue. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of New York. The parties stipulate and consent that the United States District Court, Southern District of New York shall retain jurisdiction over this matter to enforce the terms of this Agreement once approved by the Court in the Litigation.

3.    Binding Agreement. This Agreement shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, predecessors, and assigns, and shall inure to the benefit of Plaintiffs, Defendants, and to their respective representatives, predecessors, and assigns.

4.    No Third Party Distribution. Plaintiffs' counsel agrees not to distribute the contact information of employees of JVA to a third party.

5.    Jointly Drafted. This Agreement has been jointly drafted by the Parties. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, all of whom drafted it.

6.    Complete Agreement. This Agreement sets forth the entire agreement between the Parties regarding the subject matter contained within and fully supersedes any and all prior oral or written agreements or understandings between the Parties pertaining to the subject matter contained within. This Agreement may be modified only in writing signed by all Parties.

7.      Severability. Should any provision of this Agreement be determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

8.      No Waiver. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9.      Notices. Except as otherwise stated in this Agreement, any demand, request or notice served pursuant to this Agreement must be written, and must be served by electronic mail and certified mail, return receipt requested, on the parties at the addresses set forth below, or such different address as parties may designate by notice.

<table>
<tr><td>To Plaintiffs:</td><td>Jacob Aronauer, Esq.<br>The Law Offices of Jacob Aronauer<br>255 Broadway, 3rd Floor<br>New York, NY 10017<br>jaronauer@aronauerlaw.com</td></tr>
<tr><td>To Defendants:</td><td>Koulikourdis and Associates<br>Hudson Professional Building<br>45 Hudson Street<br>Hackensack, New Jersey 07601<br>pkoulikourdis@gmail.com</td></tr>
</table>

10.    Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original for all purposes. All counterparts shall be construed together and shall constitute one agreement.

11.    Signatures. A facsimile or scanned signature shall be deemed an original for all purposes of this Agreement.

12.    Headings. Section headings are used in this Agreement for reference only and do not affect the meaning of any provision of this Agreement.

13.    No Assignments. The Parties affirm and warrant that no person or entity other than themselves had or has any claims to or any interest in the subject matter of this Agreement; that they have the sole right and exclusive authority to execute this Agreement; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

14.    Authority. The Parties warrant that they each have the authority to enter into this Agreement for themselves or, in the case of Defendants, via their authorized representative. Each party agrees that this Agreement is not valid and binding until it is signed by all Parties.

H.    **Knowing Agreement After Consultation with Counsel and Revocation**

ALL PARTIES HAVE CONSULTED WITH THEIR RESPECTIVE COUNSEL PRIOR TO SIGNING THIS AGREEMENT AND REPRESENT TO THE OPPOSING PARTIES THAT THEY HAVE DONE SO. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS CONTAINED IN

14

SECTION A OF THIS AGREEMENT. DEFENDANTS HAVE BEEN ADVISED BY THEIR COUNSEL AND UNDERSTAND AND AGREE THAT FAILURE TO FULLY AND TIMELY PAY THE SETTLEMENT AMOUNT MAY RESULT IN FURTHER LITIGATION WHERE THE DEFENDANTS HAVE AGREED TO PAY PLAINTIFFS' ATTORNEYS' FEES AND COSTS. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO BIND THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID UNDER THIS AGREEMENT.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below.

15

**PLAINTIFFS:**

Date: 02/14/22

GREVIL MARTINEZ

Date: _____

ALEXANDER RAMIREZ

Date: _____

LUIS MARTINEZ

Date: _____

MICHAEL BLAKE

Date: 2/17/22

ANTHONY CHARLES

Date: 02/15/22

MARCOS DELGADO

Date: _____

TERRY DEVIGNES

Date: 2/11/22

ANTHONY DOUGLAS

Date: _____

EVERTONFERRANCE

Date: 02/17/22

JORGE P

JORGE PONCE

Date: 2/14/22

REYNALDO TORRES

16

**DEMANDANTES:**

Fecha: _____

GREVIL MARTINEZ

Fecha: 02/15/2022

ALEXANDER RAMIREZ

Fecha: 2/15/22

LUIS MARTINEZ

Fecha: _____

MICHAEL BLAKE

Fecha: _____

ANTHONY CHARLES

Fecha: _____

MARCOS DELGADO

Fecha: _____

TERRY DEVIGNES

Fecha: _____

ANTHONY DOUGLAS

Fecha: _____

EVERTONFERRANCE

Fecha: _____

JORGE PONCE

Fecha: 2/14/22

REYNALDO TORRES

**PLAINTIFFS:**

Date: _____

_____
GREVIL MARTINEZ

Date: _____

_____
ALEXANDER RAMIREZ

Date: _____

_____
LUIS MARTINEZ

Date: 2/17/2022

_____
MICHAEL BLAKE

Date: _____

_____
ANTHONY CHARLES

Date: _____

_____
MARCOS DELGADO

Date: _____

_____
TERRY DEVIGNES

Date: _____

_____
ANTHONY DOUGLAS

Date: _____

_____
EVERTONFERRANCE

Date: _____

_____
JORGE PONCE

Date: _____

_____
REYNALDO TORRES

16

**PLAINTIFFS:**

Date: _____

_____
GREVIL MARTINEZ

Date: _____

_____
ALEXANDER RAMIREZ

Date: _____

_____
LUIS MARTINEZ

Date: _____

_____
MICHAEL BLAKE

Date: _____

_____
ANTHONY CHARLES

Date: _____

_____
MARCOS DELGADO

Date: _____

_____
TERRY DEVIGNES

Date: _____

_____
ANTHONY DOUGLAS

Date: 2 - 28 - 22

_____
EVERTONFERRANCE

Date: _____

_____
JORGE PONCE

Date: _____

_____
REYNALDO TORRES

16

**PLAINTIFFS:**

Date: _____

GREVIL MARTINEZ

Date: _____

ALEXANDER RAMIREZ

Date: _____

LUIS MARTINEZ

Date: _____

MICHAEL BLAKE

Date: _____

ANTHONY CHARLES

Date: _____

MARCOS DELGADO

Date: 2/21/22

TERRY DEVIGNES

Date: _____

ANTHONY DOUGLAS

Date: _____

EVERTONFERRANCE

Date: _____

JORGE PONCE

Date: _____

REYNALDO TORRES

16

**DEFENDANTS:**

Date: 2/10/22

_____

JVA INDUSTRIES INC.
by [JOSEPH ALFANO],
officer and authorized representative

Date: 2/10/22

_____

JOSEPH ALFANO

17

# Law Offices of Jacob Aronauer

# INVOICE

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 184
Date: 02/21/2022
Due On: 03/23/2022

Grevil Martinez
806 Brook Ave. Apt C
Bronx, NY 10451

## 00301-Martinez

## Grevil Martinez v. JVA Industries, Inc

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 02/18/2022 | Paralegal fees - Maria: Sent The settlement, discussed with the clients, and saved the signed settlement in the H drive. | 1.50 | $165.00 | $247.50 |
| | | | | **Total** | **$247.50** |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|
| 184 | 03/23/2022 | $247.50 | $0.00 | $247.50 |
| | | | **Outstanding Balance** | **$247.50** |
| | | | **Total Amount Outstanding** | **$247.50** |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.

# Law Offices of Jacob Aronauer

**INVOICE**

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 183
Date: 02/17/2022
Due On: 03/19/2022

Grevil Martinez
806 Brook Ave. Apt C
Bronx, NY 10451

## 00301-Martinez

## Grevil Martinez v. JVA Industries, Inc

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 08/11/2020 | Paralegal Fees - Sian: initial client meeting | 0.75 | $165.00 | $123.75 |
| Service | 08/11/2020 | Paralegal Fees - Sian: typed notes from initial client meeting into Clio | 0.42 | $165.00 | $69.30 |
| Service | 08/11/2020 | Paralegal fees - Maria: Drafted retainers. Clients signed it. | 0.40 | $165.00 | $66.00 |
| Service | 08/17/2020 | Paralegal Fees - Esther: Organize client's payroll and receipts | 1.17 | $165.00 | $193.05 |
| Service | 08/18/2020 | Paralegal Fees - Esther: Scanned client's payroll and receipts | 0.75 | $165.00 | $123.75 |
| Service | 08/21/2020 | Paralegal Fees - Sian: research re Defendants | 0.50 | $165.00 | $82.50 |
| Service | 08/25/2020 | Paralegal fees - Maria: Scanned and copied pays stubs. | 0.65 | $165.00 | $107.25 |
| Service | 08/28/2020 | Paralegal fees - Maria: Meeting with Luis Martinez. He is joining the case. | 0.65 | $165.00 | $107.25 |
| Service | 09/03/2020 | Paralegal Fees - Karin: Reviewed facts of case, went over facts of case with Efram | 0.50 | $165.00 | $82.50 |
| Service | 09/03/2020 | Paralegal Fees - Efram: drafted damages spreadsheet | 1.00 | $165.00 | $165.00 |
| Service | 09/08/2020 | Paralegal Fees - Efram: Drafted damages spreadshee | 1.49 | $165.00 | $245.85 |
| Service | 09/08/2020 | Paralegal Fees - Efram: Drafting complaint | 1.55 | $165.00 | $255.75 |
| Service | 09/10/2020 | Paralegal Fees - Efram: Drafting complaint | 1.90 | $165.00 | $313.50 |
| Service | 09/20/2020 | Paralegal Fees - Karin: Began reviewing complaint | 1.40 | $165.00 | $231.00 |
| Service | 09/21/2020 | Paralegal Fees - Karin: Email to Maria about additional question to ask client | 0.10 | $165.00 | $16.50 |

| Service | 09/25/2020 | Attorney Fees: Work on complaint, summons, civil cover sheet, file, research prior lawsuit. | 2.80 | $415.00 | $1,162.00 |
|---------|------------|-----|------|---------|----------|
| Service | 09/25/2020 | Paralegal Fees - Karin: Communication with Jacob about complaint | 0.20 | $165.00 | $33.00 |
| Service | 09/30/2020 | Paralegal Fees - Nicole: mail summons to Albany and handed summons to ABC. | 0.08 | $165.00 | $13.20 |
| Service | 11/06/2020 | Attorney Fees: Work on motion for conditional certification. | 1.90 | $415.00 | $788.50 |
| Service | 11/09/2020 | Paralegal Fees - Efram: Drafting memorandum of law and Jacob Aronauer declaration | 4.00 | $165.00 | $660.00 |
| Service | 11/10/2020 | Paralegal Fees - Efram: draft collective action notice and opt in form. finish memo of law | 1.50 | $165.00 | $247.50 |
| Service | 11/10/2020 | Paralegal Fees - Efram: Update case law for memorandum of law | 3.00 | $165.00 | $495.00 |
| Service | 11/12/2020 | Paralegal fees - Maria: Translated and read declaration to Plaintiffs | 0.80 | $165.00 | $132.00 |
| Service | 11/12/2020 | Paralegal fees - Maria: The plaintiffs signed declarations ( conditional certification) | 0.89 | $165.00 | $146.85 |
| Service | 11/16/2020 | Paralegal Fees - Efram: Update case law in memo of law | 5.00 | $165.00 | $825.00 |
| Service | 11/16/2020 | Paralegal Fees - Efram: update Jacob Aronauer declaration | 1.00 | $165.00 | $165.00 |
| Service | 11/17/2020 | Paralegal Fees - Sian: line edited memo of law; drafted cover page to memo of law; drafted notice of motion; reviewed declaration; combined exhibits and documents into PDFs | 1.17 | $165.00 | $193.05 |
| Service | 11/17/2020 | Paralegal Fees - Karin: Examined facts to create damages spreadsheet; email to Maria and Nicole to gather more information from clients | 0.90 | $165.00 | $148.50 |
| Service | 11/17/2020 | Attorney Fees: File motion for conditional certification and e-mail to opposing counsel informing him of the motion. | 0.20 | $415.00 | $83.00 |
| Service | 11/24/2020 | Paralegal Fees - Karin: Worked on damages spreadsheet | 0.50 | $165.00 | $82.50 |
| Service | 11/25/2020 | Paralegal Fees - Karin: Finished drafting damages spreadsheet, emailed spreadsheet to Jacob | 2.50 | $165.00 | $412.50 |
| Service | 11/27/2020 | Paralegal Fees - Sian: reviewed and revised damages spreadsheet | 0.34 | $165.00 | $56.10 |
| Service | 11/27/2020 | Paralegal Fees - Karin: Correction to spreadsheet | 0.10 | $165.00 | $16.50 |
| Service | 12/01/2020 | Attorney Fees: E-mail correspondence with opposing | 0.20 | $415.00 | $83.00 |

| | | counsel and letter to Court in re proposed discovery schedule. | | | |
|---|---|---|---|---|---|
| Service | 12/11/2020 | Paralegal Fees - Sian: drafted first set of document requests and interrogatories | 0.84 | $165.00 | $138.60 |
| Service | 12/22/2020 | Attorney Fees: Work on reply papers to motion for conditional certification. | 0.80 | $415.00 | $332.00 |
| Service | 12/29/2020 | Attorney Fees: Draft initial disclosures and Rule 30(b)(6). | 1.30 | $415.00 | $539.50 |
| Service | 12/29/2020 | Paralegal Fees - Efram: prepare deposition notice | 0.34 | $165.00 | $56.10 |
| Service | 12/29/2020 | Paralegal fees - Maria: Mailed via Fedex subpoenas and deposition notices. | 0.10 | $165.00 | $16.50 |
| Service | 12/31/2020 | Paralegal Fees - Sian: line edited initial disclosures; reviewed and updated damages spreadsheet | 0.34 | $165.00 | $56.10 |
| Service | 01/26/2021 | Paralegal fees - Maria: Went over the document requests with Plaintiffs | 1.10 | $165.00 | $181.50 |
| Service | 01/28/2021 | Attorney Fees: Work on paper discovery responses. | 0.70 | $415.00 | $290.50 |
| Service | 01/29/2021 | Paralegal Fees - Sian: line edited responses to document requests and interrogatories | 0.34 | $165.00 | $56.10 |
| Service | 01/29/2021 | Paralegal Fees - Sian: combined, formatted and bates stamped responsive documents | 0.59 | $165.00 | $97.35 |
| Service | 02/05/2021 | Attorney Fees: Work on request for admissions | 1.90 | $415.00 | $788.50 |
| Service | 02/15/2021 | Attorney Fees: Review Defendants' document responses. | 0.80 | $415.00 | $332.00 |
| Service | 02/16/2021 | Attorney Fees: Work on discovery deficiency e-mail to Defendants. | 0.40 | $415.00 | $166.00 |
| Service | 02/16/2021 | Attorney Fees: Work on discovery dispute e-mail! | 0.60 | $415.00 | $249.00 |
| Service | 04/05/2021 | Attorney Fees: Prepare for conference call; have the meet and confer and draft letter to Vin about extension request. | 1.10 | $415.00 | $456.50 |
| Service | 04/06/2021 | Attorney Fees: Review Liman decision in re conditional certification and e-mail to clients. | 0.80 | $415.00 | $332.00 |
| Service | 04/08/2021 | Paralegal fees - Maria: Informed the clients that Judge granted the motion for conditional certification. | 0.10 | $165.00 | $16.50 |
| Service | 04/20/2021 | Paralegal Fees - Ana: Translation to Spanish of the document containing the Notice of Collective Action Lawsuit | 0.50 | $165.00 | $82.50 |
| Expense | 04/21/2021 | Reimbursable expenses: Postmark for envelopes containing the notification notice. | 1.00 | $753.20 | $753.20 |

|  |  | Extra-large envelope: 1.60$ each<br>Total of envelopes used: 269<br><br>Large envelope: 1.20$ each<br>Total of envelopes used: 269 |  |  |  |
|---|---|---|---|---|---|
| Service | 04/21/2021 | Paralegal Fees - Ana: Printed the 269 notifications of collective action lawsuit to be sent to the employers in the JVA Industries database. The document was printed in English and Spanish. Arranged the envelopes and labels. Walked to the nearest Post Office to sent out the first 35 envelopes. | 7.00 | $165.00 | $1,155.00 |
| Service | 04/22/2021 | Paralegal Fees - Ana: Stamp and add the labels of 234 extra-large envelopes and 234 large envelopes. Arranged the notifications of collective action lawsuit inside each envelope. | 7.00 | $165.00 | $1,155.00 |
| Expense | 04/28/2021 | Reimbursable expenses: Small Envelope Box: 31.56$ x 3 = 94.68$<br>Large Envelope Box: 35.87$ x 3 = 107.61<br>Labels: 17.4$ x 3 = 52.2 | 1.00 | $254.49 | $254.49 |
| Service | 04/29/2021 | Paralegal fees - Maria: Called Juan Macareno, He received one of the notices. | 0.10 | $165.00 | $16.50 |
| Service | 05/21/2021 | Attorney Fees: Work on paper discovery documents. | 0.25 | $415.00 | $103.75 |
| Service | 05/25/2021 | Attorney Fees: Discovery deficiency e-mail, document requests, review documents produced by Defendants. | 1.40 | $415.00 | $581.00 |
| Service | 05/27/2021 | Attorney Fees: Supplemental document requests. (time inclusive of 2-5). | 1.10 | $415.00 | $456.50 |
| Service | 06/09/2021 | Attorney Fees: Discovery dispute letter. | 2.60 | $415.00 | $1,079.00 |
| Service | 06/09/2021 | Attorney Fees: Discovery dispute letter. | 2.40 | $415.00 | $996.00 |
| Service | 06/10/2021 | Attorney Fees: Meet and confer with Defendants about alleged actions of Plaintiff and subsequent call with Bauer. | 0.30 | $415.00 | $124.50 |
| Service | 06/11/2021 | Attorney Fees: Discovery deficiency letter. | 0.80 | $415.00 | $332.00 |
| Service | 06/14/2021 | Paralegal Fees - Sian: line edited discovery dispute letter | 0.25 | $165.00 | $41.25 |
| Service | 06/14/2021 | Attorney Fees: Work on discovery deficiency letter and put together exhibits. | 1.80 | $415.00 | $747.00 |
| Service | 06/15/2021 | Paralegal fees - Maria: Phone calls pertaining to the allegation of retaliation. Luis Martinez and Fernando Gama | 0.15 | $165.00 | $24.75 |
| Service | 06/29/2021 | Attorney Fees: Sending out notice of depositions. | 0.60 | $415.00 | $249.00 |
| Service | 07/06/2021 | Paralegal Fees - Karin: Downloaded discovery documents from Defendants, looked through | 3.90 | $165.00 | $643.50 |

| | | documents | | | |
|---|---|---|---|---|---|
| Service | 07/07/2021 | Paralegal Fees - Alicia: Call to ask about how client was paid. | 0.12 | $165.00 | $19.80 |
| Service | 07/07/2021 | Paralegal Fees - Karin: Review of document discovery | 2.80 | $165.00 | $462.00 |
| Service | 07/07/2021 | Paralegal Fees - Karin: Wrote letters to opt-ins to ask for contact info, sent letters | 0.70 | $165.00 | $115.50 |
| Service | 07/11/2021 | Paralegal Fees - Karin: Email to Jacob about discovery | 0.70 | $165.00 | $115.50 |
| Service | 07/14/2021 | Attorney Fees: Prepare for discovery conference and actual discovery conference. | 1.30 | $415.00 | $539.50 |
| Service | 07/14/2021 | Paralegal Fees - Michael: Sat in on conference call | 0.42 | $165.00 | $69.30 |
| Service | 07/22/2021 | Attorney Fees: meet and confer and subsequent e-mail to Defendants' counsel. | 0.80 | $415.00 | $332.00 |
| Expense | 07/23/2021 | Reimbursable expenses: 5 large envelopes sent to the Opt-ins. | 1.00 | $6.00 | $6.00 |
| Service | 07/23/2021 | Paralegal fees - Maria: Sent a letter to the Opt-in asking for contact information | 0.18 | $165.00 | $29.70 |
| Service | 07/25/2021 | Attorney Fees: Speak with new clients, file opt-ins, new document requests. | 0.20 | $415.00 | $83.00 |
| Service | 07/26/2021 | Attorney Fees: Discovery relief in re bank records. | 0.80 | $415.00 | $332.00 |
| Service | 08/06/2021 | Attorney Fees: Meet and confer with Defendants. | 0.60 | $415.00 | $249.00 |
| Service | 08/08/2021 | Attorney Fees: Work on joint letter discovery letter to Court. | 1.80 | $415.00 | $747.00 |
| Service | 08/09/2021 | Paralegal fees - Maria: Client provided some information about the foremen | 0.05 | $165.00 | $8.25 |
| Service | 08/10/2021 | Attorney Fees: Work on joint discovery letter to the Court. | 1.90 | $415.00 | $788.50 |
| Service | 08/16/2021 | Paralegal Fees - Michael: Printed copies from deposition folder | 1.34 | $165.00 | $221.10 |
| Service | 08/16/2021 | Called opt-ins to reschedule the deposition | 0.14 | $165.00 | $23.10 |
| Service | 08/17/2021 | Attorney Fees: Prepare for deposition and deposition in JVA | 6.40 | $415.00 | $2,656.00 |
| Service | 08/19/2021 | Paralegal Fees - Corey: review documents; phone call with JA about RFA | 0.67 | $165.00 | $110.55 |
| Service | 08/23/2021 | Paralegal Fees - Alicia: Attended deposition | 8.00 | $165.00 | $1,320.00 |
| Service | 08/23/2021 | Paralegal Fees - Corey: drafting Requests for Admission | 1.25 | $165.00 | $206.25 |
| Service | 08/27/2021 | Paralegal fees - Maria: Call with Diego Tavares - | 0.20 | $165.00 | $33.00 |

|         |            | Potential Opt in                                                        |      |          |            |
|---------|------------|-------------------------------------------------------------------------|------|----------|------------|
| Service | 08/27/2021 | Paralegal Fees - Michael: Compiled weekend documents                    | 1.50 | $165.00  | $247.50    |
| Service | 08/29/2021 | Attorney Fees: Prepare for Alfano deposition.                           | 3.10 | $415.00  | $1,286.50  |
| Service | 08/30/2021 | Attorney Fees: Prepare for Alfano deposition and Alfano deposition.     | 5.90 | $415.00  | $2,448.50  |
| Service | 08/31/2021 | Attorney Fees: Discussion with Vin about JVA.                           | 0.10 | $415.00  | $41.50     |
| Service | 09/03/2021 | Paralegal fees - Maria: Video call to prepare Alex Ramirez for his deposition | 0.22 | $165.00 | $36.30 |
| Service | 09/07/2021 | Paralegal fees - Maria: Scanned, copied, and saved in the Hdrive Ramirez's check | 0.35 | $165.00 | $57.75 |
| Service | 09/07/2021 | Paralegal Fees - Alicia: Attending deposition.                          | 3.30 | $165.00  | $544.50    |
| Service | 09/07/2021 | Attorney Fees: Depositions.                                             | 7.40 | $415.00  | $3,071.00  |
| Service | 09/07/2021 | Paralegal Fees - Corey: drafting requests for admission                 | 0.75 | $165.00  | $123.75    |
| Service | 09/08/2021 | Paralegal Fees - Corey: drafting requests for admission                 | 3.00 | $165.00  | $495.00    |
| Service | 09/09/2021 | Paralegal Fees - Corey: drafting requests for admission                 | 6.34 | $165.00  | $1,046.10  |
| Service | 10/04/2021 | Paralegal Fees - Elizabeth: Research precedent cases for discovery.     | 1.17 | $165.00  | $193.05    |
| Service | 10/07/2021 | Paralegal Fees - Elizabeth: Research re collective action suits.        | 0.84 | $165.00  | $138.60    |
| Service | 10/08/2021 | Paralegal Fees - Michael: legal research on discovery/ emails           | 0.50 | $165.00  | $82.50     |
| Service | 10/13/2021 | Paralegal Fees - Elizabeth: Research case law.                          | 0.59 | $165.00  | $97.35     |
| Service | 10/19/2021 | Paralegal Fees - Elizabeth: Find memos of law.                          | 0.34 | $165.00  | $56.10     |
| Service | 10/19/2021 | Attorney Fees: call with Vin re discovery                               | 0.30 | $415.00  | $124.50    |
| Service | 10/21/2021 | Paralegal Fees - Elizabeth: Research precedent cases.                   | 0.17 | $165.00  | $28.05     |
| Service | 10/25/2021 | Paralegal Fees - Elizabeth: Spoliation cases research.                  | 0.09 | $165.00  | $14.85     |
| Service | 11/03/2021 | Attorney Fees: Status conference call with Judge Liman.                 | 0.88 | $415.00  | $365.20    |
| Service | 11/18/2021 | Paralegal Fees - Elizabeth: Create outline of depositions.             | 1.67 | $165.00  | $275.55    |
| Service | 11/26/2021 | Attorney Fees: Work on discovery deficiency letter.                     | 2.60 | $415.00  | $1,079.00  |
| Service | 11/28/2021 | Paralegal Fees - Corey: compiled exhibits to JA declaration            | 2.25 | $165.00  | $371.25    |
| Service | 11/29/2021 | Paralegal Fees - Sian: line edited discovery relief letter              | 0.34 | $165.00  | $56.10     |

| Service | 11/29/2021 | Paralegal Fees - Sian: phone call with Jacob and Vin re drafting spreadsheets for demand | 0.09 | $165.00 | $14.85 |
|---|---|---|---|---|---|
| Service | 11/29/2021 | Paralegal Fees - Corey: line-edited JA declaration and annexed completed exhibits. | 0.84 | $165.00 | $138.60 |
| Service | 11/30/2021 | Paralegal Fees - Elizabeth: Declaration, Liman letter. | 1.50 | $165.00 | $247.50 |
| Service | 12/01/2021 | Paralegal Fees - Sian: reviewed depositions of named Plaintiffs and compared deposition testimony to our current damages spreadsheets | 3.09 | $165.00 | $509.85 |
| Service | 12/06/2021 | Paralegal fees - Maria: Informed the clients about the settlement conference that will take place on January 6th at 10 a.m. | 0.07 | $165.00 | $11.55 |
| Service | 12/07/2021 | Paralegal Fees - Sian: drafted damages spreadsheets based on deposition testimony and Defendants' records; phone call with Jacob to discuss damages spreadsheet | 3.50 | $165.00 | $577.50 |
| Service | 12/17/2021 | Paralegal Fees - Alicia: Jorge Ponce - Call | 0.15 | $165.00 | $24.75 |
| Service | 12/20/2021 | Paralegal Fees - Sian: revised damages spreadsheet; call re damages spreadsheet | 0.59 | $165.00 | $97.35 |
| Service | 12/20/2021 | Attorney Fees: call with Vin re spreadsheets | 0.20 | $415.00 | $83.00 |
| Service | 12/21/2021 | Called plaintiffs to ask for settlement authority | 0.20 | $165.00 | $33.00 |
| Service | 12/21/2021 | Paralegal Fees - Sian: revised damages spreadsheet | 0.09 | $165.00 | $14.85 |
| Service | 12/21/2021 | Paralegal Fees - Sian: revised damages spreadsheet | 0.34 | $165.00 | $56.10 |
| Service | 12/22/2021 | Paralegal Fees - Sian: revised damages spreadsheet | 0.50 | $165.00 | $82.50 |
| Service | 12/28/2021 | Attorney Fees: Pre-settlement statement. | 3.40 | $415.00 | $1,411.00 |
| Service | 12/29/2021 | Paralegal Fees - Sian: revised damages spreadsheet | 0.42 | $165.00 | $69.30 |
| Service | 12/29/2021 | Paralegal Fees - Sian: formatted and saved damages spreadsheet as PDF | 0.17 | $165.00 | $28.05 |
| Service | 12/29/2021 | Attorney Fees: Work on pre-settlement statement; call with Vin | 4.80 | $415.00 | $1,992.00 |
| Service | 12/30/2021 | Paralegal Fees - Sian: line edited pre-settlement statement and reviewed exhibits | 0.92 | $165.00 | $151.80 |
| Service | 12/30/2021 | Attorney Fees: Work on pre-settlement statement. | 0.80 | $415.00 | $332.00 |
| Service | 01/03/2022 | Paralegal Fees - Elizabeth: Deposition review. | 0.84 | $165.00 | $138.60 |
| Service | 01/05/2022 | Paralegal fees - Maria: Sent a reminder to the plaintiffs and opt-ins about the video conference with the court tomorrow Jan 06th | 0.10 | $165.00 | $16.50 |
| Service | 01/06/2022 | Paralegal fees - Maria: Attended mediation | 4.00 | $165.00 | $660.00 |

| Service | 01/08/2022 | Paralegal Fees - Sian: drafted settlement breakdown | 0.42 | $165.00 | $69.30 |
|---------|-----------|------|------|---------|--------|
| Service | 01/10/2022 | Paralegal Fees - Elizabeth: Settlement agreement; Settlement letter. | 1.84 | $165.00 | $303.60 |
| Service | 01/13/2022 | Paralegal Fees - Sian: reviewed and revised settlement breakdown | 0.42 | $165.00 | $69.30 |
| Service | 01/13/2022 | Paralegal Fees - Sian: compared settlement agreement breakdown to settlement agreement draft; revised settlement breakdown draft; phone call with Maria re settlement agreement numbers | 0.42 | $165.00 | $69.30 |
| Service | 01/28/2022 | Paralegal fees - Maria: Informed clients that the defendant's lawyer asked for an extension to review the settlement agreement | 0.06 | $165.00 | $9.90 |
| Service | 02/03/2022 | Attorney Fees: E-mail correspondence with Vin in re JVA | 0.10 | $415.00 | $41.50 |
| Service | 02/03/2022 | Attorney Fees: Draft letter to the Court about Defendants taking forever to get the deal done. | 0.24 | $415.00 | $99.60 |
| Service | 02/09/2022 | Paralegal Fees - Alicia: Settlement Agreement Translation | 1.00 | $165.00 | $165.00 |
| Service | 02/16/2022 | Attorney Fees: Draft Cheeks letter. | 1.40 | $415.00 | $581.00 |
| Service | 02/17/2022 | Paralegal Fees - Sian: line edited settlement approval letter; reviewed and compiled time records; calculated lodestar | 2.17 | $165.00 | $358.05 |

|  |  |  | **Total** | **$50,030.59** |
|--|--|--|-----------|----------------|

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|-----------|-------------------|-------------|
| 183 | 03/19/2022 | $50,030.59 | $0.00 | $50,030.59 |
|  |  |  | **Outstanding Balance** | **$50,030.59** |
|  |  |  | **Total Amount Outstanding** | **$50,030.59** |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.

 Gmail

Jacob Aronauer <jaronauer@aronauerlaw.com>

## JVA time
7 messages

**Vincent Bauer** <vbauer@vbauerlaw.com>                    Thu, Feb 17, 2022 at 9:21 AM
To: Jacob Aronauer <jaronauer@aronauerlaw.com>

12-22  Revise letter to court  .6

12-29  Review deposition notice, client documents, initial disclosures; teleconference with JA  1.3

6-15  Teleconference with client  .4

6-16  Attention to letter to court  .3

8-9  Attention to discovery  .7

8-10  Revise discovery letter .5

8-16  Deposition preparation  1.4

8-18  Attention to discovery  .8

8-19  Attention to discovery  .7

8-22  Attention to deposition  .9

8-23  Defend depositions  7.3

8-24  Attention to settlement  .3

8-29  Prepare for Alfano deposition  4.4

8-30  Conduct Alfano deposition; prepare for same  7.9

8-31  Document review; teleconference with JA  1.1

9-1  Attention to discovery issues  .6

9-7  Teleconferences with JA  .6

10-19  Teleconference with JA regarding discovery  .3

12-1  Review SR email  .3

12-20  Review spreadsheets; teleconference regarding same  .8

12-29  Prepare settlement agreement  .9

1-6  Mediation 2.9

---

**Jacob Aronauer** <jaronauer@aronauerlaw.com>                           Thu, Feb 17, 2022 at 9:22 AM
To: Vincent Bauer <vbauer@vbauerlaw.com>

Got it, thanks!
[Quoted text hidden]

--

_____
Jacob Aronauer, Esq.
The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(P) (212) 323-6980
(F) (212) 233-9238

107 Avenue I
Brooklyn, NY 11230