USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GREVIL MARTINEZ, *et al.*,

                Plaintiffs,

        -v-

JVA INDUSTRIES, INC., *et al.*,

                Defendants.
-----------------------------------------------------------X

**ORDER**

20-CV-7977 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

    The parties in this wage-and-hour case consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 93) and have now submitted a letter in support of settlement along with their proposed agreement (Dkt. No. 99) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). In this case, plaintiffs alleged overtime, wage notice, and wage statement violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The parties participated in a settlement conference and have agreed to, *inter alia,* the following terms: (1) total settlement payment of $222,225.50; (2) attorneys' fees and costs which amount to $80,716.50 of the total settlement payment; (3) release and covenant not to sue; and (4) no third-party distribution of JVA employees' contact information.

    Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the FLSA, as they are "not in as good a position as the parties to determine the reasonableness of an FLSA

settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

Having carefully reviewed the letter in support of settlement as well as the proposed settlement agreement, and having presided over the conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), a case considered to be a touchstone in evaluating wage-and-hour settlements.[1] Among other things, the agreement appears to be "the product of arm's-length bargaining between experienced counsel." *Id*. Accordingly, the settlement is hereby approved.

Consistent with the terms of agreement, the Court: (1) will retain jurisdiction over the settlement agreement for purposes of its enforcement; and (2) directs the plaintiffs to submit a notice of dismissal with prejudice within five days of the receipt of the total settlement amount.

**SO ORDERED.**

Dated: February 22, 2022
  New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiffs' counsel. Nor should approval of the settlement agreement be deemed an approval of the tax allocations to which the parties have agreed.